**UNITED STATES v. EVANS.**
**Cr. No. 8653.**

United States District Court
D. Connecticut.
Aug. 20, 1953.

Adrian W. Maher, U. S. Atty., New Haven, Conn., for plaintiff.

Marvin D. Karp, Hartford, Conn., for defendant.

HINCKS, Chief Judge.

The propriety of the acquittal in this case turns upon the proper interpretation of Sec. 6(j) of the Act, which provides that upon the filing of an appeal based upon conscientious objection to military service, the "appeal board shall refer any such claim to the Department of Justice for inquiry and hearing"; and that "the Department of Justice, after appropriate inquiry, shall hold a hearing with respect to the character and good faith of the objections of the person concerned, and such person shall be notified of the time and place of such hearing", after which the Department shall "recommend to the appeal board" an appropriate classification.

The Department has adopted the practice in such cases of causing an investigation to be made by the F. B. I. The investigative report is before the hearing officer at the time of hearing, but is not available for inspection by the registrant.

In United States v. Nugent, 346 U.S. 1, 73 S.Ct. 991, 994, the Supreme Court sustained the government's contention that the registrant, at and prior to the hearing, was not entitled to inspect the investigative report. It interpreted the Act to mean that the Department "satisfies its duties under § 6(j) when it accords a fair opportunity to the registrant to speak his piece before an impartial hearing officer; when it permits him to produce all relevant evidence in his own behalf and at the same time supplies him with a fair résumé of any adverse evidence in the investigator's report." Under this interpretation, the availability to the registrant at the hearing at least of a "fair résumé" of the investigative report is an essential part of the procedure for the legal classification of one claiming exception as a conscientious objector. Since the Act confides to the courts the responsibility for determining whether the envisaged classification procedure has been complied with, it is my view that the burden is upon the government in the case of a registrant who, like the defendant here, seasonably requested information as to any adverse evidence in the investigative report, to prove that he was furnished at least with a "fair résumé."

Thus arises the question whether the letter of the hearing officer and the verbal communication at the hearing (Pars. 4 and 5 of my findings) con--

stitute a "fair résumé." It is my opinion that I cannot conscientiously determine that the résumé was fair without an opportunity to inspect the investigative report of which it is claimed to be a résumé. I think the Act should not be interpreted to mean that any communication by the hearing officer to the registrant with reference to the investigative report is conclusively presumed to be a fair résumé. Even if the résumé given be deemed presumptively fair, on trial the registrant must be allowed to combat the presumption by the only means possible,—comparison with the investigative report itself.

The government's position, although forcefully and ably presented, appears to me to overlook the fact that the Nugent case and the companion case of United States v. Packer, went no further than to say that at the departmental hearing the respective registrants were entitled at most to a fair résumé of any adverse evidence in the investigative report. In the Nugent case, it was held (Footnote 10) that the registrant could not complain of failure to provide him at the hearing before the Hearing Officer of a summary because he did not ask for it. That is not the case here. And in the Packer case it was held that the registrant's right at the time of hearing to be advised of unfavorable evidence in the F. B. I. report was satisfied when the Hearing Officer told him that there was nothing unfavorable in it and confirmed that statement in his report. That is not this case: here the report of the Hearing Officer and indeed the purported résumé itself show that the investigative report did indeed contain matter unfavorable to the registrant's claim.

 However that may be, I find no intimation in the opinion in these cases that when the validity of the administrative procedure in a particular case is under review in a criminal trial, the defendant's right to subpoena under Rule 17 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., may be circumscribed. At that juncture the doctrine of United States v. Andolschek, 2 Cir.,

142 F.2d 503, 506, comes into play, and "the government must choose" either it must disclose the report for its bearing on the fairness of the résumé or in effect abandon prosecution on the pending indictment.