UNITED STATES   v.   STASEVIC.

UNITED STATES   v.   VINCELLI.

UNITED STATES   v.   PRYTYSKACZ.

United States District Court
S. D. New York.
Dec. 16, 1953.

372

J. Edward Lumbard, U. S. Atty. for Southern District of New York, New York City, Boudinot P. Atterbury, Asst. U. S. Atty., of New York City, of counsel, for United States.

Hayden C. Covington, Brooklyn, for defendants.

DIMOCK, District Judge.

These are four motions to quash subpoenas issued in behalf of three defendants who have been indicted for violation of the Universal Military Training and Service Act. These motions were argued and submitted together because of the similarity of the facts and issues involved and I shall therefore treat them together.

■ Each of the defendants Stasevic, Vincelli and Prytyskacz, is a Jehovah's Witness who claimed exemption from military service as a conscientious objector on religious grounds. Each was finally denied such exemption, classified

1A and ordered to report for induction. Each did so report but refused to take the symbolic one step forward when ordered to do so. By this refusal they exhausted their administrative remedies yet remained outside the jurisdiction of the military. Because of this refusal each was indicted for failing and neglecting to be inducted into the armed forces of the United States, in violation of section 462 of title 50 United States Code Appendix.

Each defendant contends that his classification was unlawful primarily because the administrative procedure followed in his case was not in accordance with the requirements of the statutory provision which prescribes the appeal procedure for conscientious objection claimants, section 6(j) of the Universal Military Training and Service Act, 50 U.S.C.App. § 456(j), as amended, and further, because it was without basis in fact. Either of these claims, if substantiated at trial, would require acquittal on an indictment for refusal to accept such a classification and be inducted into the armed forces. Dickinson v. United States of America, 74 S.Ct. 152; United States v. Nugent, 346 U.S. 1, 73 S.Ct. 991 (by implication); United States v. Zieber, 3 Cir., 161 F.2d 90; United States v. Romano, D.C.S.D.N.Y., 103 F. Supp. 597; United States v. Strebel, D. C.Kan., 103 F.Supp. 628; United States v. Graham, D.C.N.D.N.Y., 108 F.Supp. 794.

Section 6(j), supra, provides that, if the local board rejects a claim for exemption as a conscientious objector, the claimant shall "be entitled to an appeal to the appropriate appeal board." The statute further provides that the Department of Justice shall hold a hearing and that "[a]fter such hearing," the Department of Justice shall "recommend to the appeal board" that the exemption claim be rejected or sustained.

The practice of the Department of Justice with respect to hearings in such cases is to have the F. B. I. investigate the claim and to provide the hearing officer with the F. B. I. report for his use at the hearing. The F. B. I. report is not made available to the claimant at any time, however, nor is the report of the hearing officer, on which presumably the recommendation of the Department of Justice is based.

Each of defendants has issued a subpoena duces tecum for the production of the F. B. I. reports, defendants Stasevic and Prytyskacz have each subpoened his hearing officer to testify at the trial, and defendant Stasevic has issued a subpoena duces tecum for the production of the report of his hearing officer. The Government has moved to quash all of these subpoenas.

The arguments and briefs have concerned themselves almost exclusively with the subpoenas duces tecum insofar as they call for the production of the F. B. I. reports and I shall begin by discussing that problem.

Rule 17(c) of the Federal Rules of Criminal Procedure, 18 U.S.C., provides that the court, on motion, "may quash or modify the subpoena if compliance would be unreasonable or oppressive."

The Government contends that the subpoenas for the F. B. I. reports are unreasonable and oppressive since the material called for is confidential pursuant to the Attorney General's Order No. 3229, issued May 2, 1939.

Defendants' position is that the F. B. I. reports contain evidence relevant to their defense and that the Government, by undertaking the prosecution, has surrendered any right to keep them confidential, citing United States v. Andolschek, 2 Cir., 142 F.2d 503, 506. The correctness of defendants' answer depends upon their claim that the F. B. I. reports are relevant to their defense so I shall proceed to an examination of that question.

Defendants say that they expect to raise the point that the rights of draft registrants enumerated by the Supreme Court in United States v. Nugent, 346 U.S. 1, 6, 73 S.Ct. 991, 994, supra, were not accorded them. The opinion in that case says that the Department of Justice

satisfies its duties to the registrant under section 6(j) of the Selective Service Act,[1] 50 U.S.C.App. § 456(j), prior to amendment, "when it permits him to produce all relevant evidence in his own behalf and at the same time supplies him with a fair résumé of any adverse evidence in the investigator's report." No such résumé was supplied to any of defendants here. If defendants were entitled to such résumés and were denied them their inductions were unlawful. A vital issue on the trial will therefore be whether defendants were entitled to the résumés. The determination of that issue will depend upon whether or not there was any adverse evidence in the F. B. I. reports. If not, no résumé was required to be supplied. The question of the favorable or unfavorable character of the evidence is, however, a question for the court to decide and the court cannot decide it without seeing the report. Prima facie, therefore, the F. B. I. reports must be supplied.

This conclusion accords with that of District, now Circuit, Judge Hincks in United States v. Evans, D.C.D.Conn., 115 F.Supp. 340, and that of District Judge Hutcheson in United States v. Stull, D.C.E.D.Va.Rich.Div., in an oral opinion rendered November 2, 1953. The Government argues that the conclusion conflicts with the action of the Supreme Court in affirming (without reference to it in the opinion) the quashing of a similar subpoena in Packer's case reported with United States v. Nugent, 346 U.S. 1, 73 S.Ct. 991, supra. As appears from footnote 10 on pages 6 and 7 of 346 U.S., on pages 994 and 995 of 73 S.Ct., however, the subpoena would have served no useful purpose since it appeared at the trial, without examination of the F. B. I. report, that the unfavorable recommendation of the Department of Justice was not based upon unfavorable evidence in the F. B. I. report. Any error in failing to furnish Packer with a résumé of the F. B. I. report was therefore harmless. If a like state of affairs should appear at the trial here with respect to any outstanding subpoena, the court at that time would be justified in quashing it.

The Government says, however, that, in this case, the right to the unfurnished résumés was waived by defendants Vincelli and Stasevic so that proof that there was unfavorable evidence in the reports to make résumés necessary would not be ground for holding those defendants' induction unlawful.

■ Both Vincelli and Stasevic, unlike Prytyskacz, received letters of instruction before their hearings in which they were informed of their right to request the hearing officer to advise them of the general nature of any evidence which was unfavorable to their claims. Neither made such a request. Their inaction constituted a waiver. There is no room for saying that the right was one that could not be waived. See United States v. Nugent, supra, 346 U.S. 1, 6–7, note 10, 73 S.Ct. 991, 994–995.

Defendants Vincelli and Stasevic say, however, that, even if they are not entitled to have the court examine the F. B. I. reports to determine whether there was unfavorable evidence which would have made a résumé necessary, they are entitled to use them on their trial on the issue whether there was any "basis in fact" for the determinations made by the appeal board. See Estep v. United States, 327 U.S. 114, 122, 66 S.Ct. 423, 90 L.Ed. 567.

■ This argument overlooks the fact that the recommendation of the Department of Justice cannot, under the ruling in United States v. Nugent, 346 U.S. 1, 73 S.Ct. 991, supra, be determinative of the question whether there is a "basis in fact" for the induction. Other evidence before the appeal board must be sufficient to serve as such a basis in fact

1. The governing section here is the amended section 6(j) of the Universal Military Training and Service Act of 1951. The Supreme Court has indicated, however, that the amendment did not affect the substance of this section. United States v. Nugent, 346 U.S. 1, note 1, 73 S.Ct. 991.

or induction is unlawful. As the Supreme Court said in the Nugent case, 346 U.S. at page 9, 73 S.Ct. at page 996, "it has long been recognized that neither the Department's 'appropriate investigation' nor its 'hearing' is the determinative investigation and the determinative hearing in each case." This, as I understand it, was the Supreme Court's answer to Judge Hincks' statement, quoted in the dissenting opinion, 346 U.S. at page 12, 73 S.Ct. at page 997, "A system in which selections might be made in uninformed reliance upon the recommendation of an executive officer bottomed perhaps on secret police reports, would indeed make a mockery of [the Act's] high declaration of policy".

■ If the recommendation of the Department of Justice could supply a defect which would otherwise exist in the necessary basis in fact it would seem to me that the "basis in fact" rule would be reduced to meaningless incantation. Under the ruling in the Nugent case it would avail defendants nothing to show that the recommendation was without basis in fact, for the adequacy of the facts to support the order of the induction must be determined solely on the basis of the other material before the appeal board. It may seem strange that a registrant can demonstrate the invalidity of the order for his induction by mere proof that he was not given an opportunity to meet unfavorable evidence in the Justice Department's hearing but cannot do so by proof that the Justice Department's unfavorable recommendation was without any foundation. That seems, however, to be the result of the Nugent opinion.

Since the F. B. I. reports would avail defendants Stasevic and Vincelli nothing, their subpoenas duces tecum, insofar as they seek those reports, are quashed. That of Prytyskacz, insofar as it seeks the report, must, however, stand subject to a qualification as to names of informants hereinafter noted.

■■ What has been said about the subpoenas duces tecum seeking the F. B. I. reports applies to the subpoena duces tecum seeking the report of Stasevic's Hearing Officer. The affidavit of Stasevic's attorney in opposition to the motion to quash the subpoena gives the reasons for seeking this report. It is said that the stenographic record of the hearing before the Hearing Officer is not included in the administrative record. This omission is said to destroy the entire proceedings and make void the classification by the Appeal Board. The purpose of the subpoena duces tecum is asserted to be to prove that such a stenographic report was made.

Unless the omission of an existing stenographic record from the administrative record would, as alleged, make void the registrant's classification, there is, of course, no need for a subpoena duces tecum to get material to prove that such a stenographic record was made. I can find no need for including the stenographic record in the administrative record. The statute, section 6 (j) of the Universal Military Training and Service Act, requires no more than that the Department of Justice "recommend" to the appeal board that the objections be or be not sustained. The Selective Service Regulations require no more than that "[t]he appeal board shall place in the Cover Sheet * * * of the registrant the letter containing the recommendation of the Department of Justice." 32 C.F.R. § 1626.25(c). The protection of the registrant does not require that the stenographic record be made part of the administrative record. As above decided, there is no occasion for examining the proceedings of the Department of Justice to see whether the recommendation has a "basis in fact" and, if the registrant wishes to raise some such point as failure to furnish a résumé, he, having been present at the hearing, can raise it by his own testimony as he does here. The subpoena duces tecum insofar as it seeks the report of the Hearing Officer in Stasevic's case will, therefore, be quashed.

Stasevic seeks also the presence of the Hearing Officer, to prove that such a stenographic report was made. That

subpoena must be quashed for the same reasons.

■ Finally, Prytyskacz seeks the presence of the Hearing Officer to establish by his testimony that "[h]e never made an effort to determine the bona fides of this defendant and made an unfair, prejudicial report to the Department of Justice against this defendant; and * * * never made a proper effort in any other case that he has heard and reported on." I can think of no better example of the "probing of the mental processes" of a quasi judicial officer, condemned in United States v. Morgan, 313 U.S. 409, 421–422, 61 S.Ct. 999, 85 L.Ed. 1429, and United States v. Glessing, D.C.Minn., 11 F.R.D. 501. The subpoena is quashed.

■ The foregoing rulings leave outstanding only the subpoena duces tecum under which Prytyskacz seeks the F. B. I. report. That has been made confidential by the Attorney General's Order No. 3229, issued May 2, 1939. I think that I ought to give effect to that order insofar as I can without affecting the rights of Prytyskacz. The report will go into evidence as a basis for the determination of the question whether it contained unfavorable evidence so as to require the furnishing of a résumé to Prytyskacz. That question must be determined by the court but it seems to me that Prytyskacz is entitled to the services of counsel in pointing out such parts of it as he deems unfavorable. I therefore do not think that its inspection should be limited to the court. On the other hand, I agree with Judge Hutcheson in United States v. Stull, supra, that names and addresses of informants should be deleted. They would have no probative value on the question whether or not the evidence contained was unfavorable. The subpoena duces tecum will therefore be quashed to the extent of limiting the command to so much of the material described as does not consist of names and addresses of informants.