## UNITED STATES v. WIDER.
### Cr. No. 43319.

United States District Court
E. D. New York.
Jan. 4, 1954.

Government, pursuant to Rule 17 of the Rules of Criminal Procedure, to quash the subpoenas duces tecum served upon Leland V. Boardman, special agent in charge of the Federal Bureau of Investigation, New York, and Thomas O'Rourke Gallagher, Esq., requiring them to appear and to produce certain documents.

The defendant contends that because of certain occurrences at the hearing held by Mr. Gallagher he was deprived of a fair hearing and wishes to examine the minutes of the hearing and the F.B.I. report prepared prior thereto to establish his contention.

The government argues that the defendant has not exhausted his administrative remedies, having failed to appear for induction when so ordered, and that under the decision in Falbo v. U. S., 320 U.S. 549, 64 S.Ct. 346; 88 L.Ed. 305, he cannot defend on the ground that he was improperly classified.

I shall not pass upon the point raised by the Government. That can be best determined by the trial court which will have before it the entire record and file of the administrative proceedings. The only question before me then is whether the defendant may have access to certain documents to assist him in the preparation for trial.

I shall pass first on the defendant's motion to inspect and copy the minutes of the hearing before the hearing officer. Pursuant to the regulations in force at the time, 32 CFR 1626.25(c), now 1626.25(b), the Department of Justice was required in the defendant's case "to make an inquiry and hold a hearing on the character and good faith of the conscientious objections of the registrants. The registrant shall be notified of the time and place of such hearing and shall have an opportunity to be heard." On the basis of the hearing the Department of Justice was required to make its recommendation to the Appeal Board as to the registrant's classification as a conscientious objector. The Appeal Board is not bound by the recommendation but the regulations provide (32 CFR 1626.-

Leonard P. Moore, U. S. Atty., Brooklyn, N. Y. (Lewis S. Flagg, 3rd, Brooklyn, N. Y., of counsel), for the United States.

Herman Adlerstein, New York City, for defendant.

RAYFIEL, District Judge.

There are two motions before me, one, by the defendant, pursuant to Rules 16 and 17 of the Rules of Criminal Procedure, 18 U.S.C.A., to direct that the minutes of the hearing held before Thomas O'Rourke Gallagher, Esq., the hearing officer of the Department of Justice, be produced for inspection and copying before trial; the other, by the

25(d)) that * * * "it shall give consideration to" it.

The defendant contends that he was not given a fair hearing, and, among other things, that he was not given a fair résumé of the adverse evidence contained in an F.B.I. report which was used by the hearing officer, although prior to the hearing he had asked for it. He claims that the minutes of the proceeding before the hearing officer would disclose these facts and enable him to prepare and establish his defense.

There is no doubt that the defendant was entitled to a "fair résumé of any adverse evidence" contained in the F.B.I. report if he asked for it. See U. S. v. Nugent, 346 U.S. 1, 73 S.Ct. 991, 994. He was, of course, entitled also to a fair and impartial hearing before the hearing officer. U. S. v. Everngam, D.C., 102 F.Supp. 128. If he was not given a fair hearing—I am not now passing upon that question—it would appear that he had been denied due process of law, see U. S. v. Everngam, supra, and that the order directing him to report for induction was void. See Tung v. U. S., 1 Cir., 142 F.2d 919.

It is my opinion that the defendant should be permitted to inspect and copy the minutes of the hearing held before Thomas O'Rourke Gallagher, Esq., to enable him to prepare for trial. Accordingly the defendant's motion is granted.

We come now to the Government's motion, which consistent with the decision on the defendant's motion is denied so far as it seeks to quash the subpoena duces tecum served upon Thomas O'Rourke Gallagher, Esq., the hearing officer. The motion to quash the subpoena duces tecum served upon Leland V. Boardman, special agent in charge of the F.B.I., New York, is granted on the authority of U. S. v. Nugent, supra, in which the court said, 346 U.S. at page 5, 73 S.Ct. at page 994: "We think that the statutory scheme for review, within the selective service system, of exemptions claimed by conscientious objectors entitles them *to no guarantee that the F.B. I. reports must be produced for their in-* *spection*. We think that the Department of Justice satisfies its duties under § 6 (j) when it accords a fair opportunity to the registrant to speak his piece before an impartial hearing officer; when it permits him to produce all relevant evidence in his own behalf and at the same time supplies him with a fair résumé of any adverse evidence in the investigator's report." (Emphasis added.)

Settle order on notice.