### UNITED STATES v. EDMISTON.
### Cr. No. 82-52.

United States District Court,
D. Nebraska, Omaha Division.

Jan. 28, 1954.

John E. Deming, Asst. U. S. Atty., Omaha, Neb., Dean W. Wallace, Asst. U. S. Atty., Dist. of Neb., Kearney, Neb., for plaintiff.

John F. MacKenzie, Omaha, Neb., for defendant.

DONOHOE, Chief Judge.

■ Defendant, Willard L. Edmiston, was indicted by a Federal Grand Jury in this district for violation of the Universal Military Training and Service Act, 50 U.S.C.A.Appendix, § 462. At the request of defendant, who was without funds, the court appointed counsel to represent him. See Rule 44, Fed.Rules Crim.Proc., 18 U.S.C.A. Upon careful consideration of the admissible evidence produced at defendant's trial, the court makes the general finding that the defendant is not guilty. Since neither party has requested special findings, this general finding will suffice to dispose of this case. Rule 23(c), Fed.Rules Crim.Proc., 18 U.S.C.A. However, since the parties are entitled to be informed of the rational basis for any judicial pronouncement the court will set forth the reasons for its conclusion that the defendant is not guilty. These reasons shall not be taken as delimiting in any respect whatsoever the general finding hereinbefore pronounced.

On March 10, 1949, the defendant joined the Nebraska National Guard. He evidently served that organization satisfactorily while a member thereof. However, some time in the latter part of 1950, he started to study the religious tenets of Jehovah's Witnesses and on December 3, 1950, he was baptised a member of that religious sect. Eight days later he was honorably discharged from the National Guard because of an "incompatible occupation." On December 19, 1950, he registered under the Selective Service Act and on April 2, 1951, was mailed a Selective Service Questionnaire (SSS Form 100). Defendant completed and executed the questionnaire in which he requested classification in IV-D (Minister) or IV-E (Conscientious Objector), and returned it to the local board. The defendant also executed and transmitted the special form for conscientious objectors to the board and on April 18, 1951, the local board classified the defendant IV-E.

■ On May 23, 1951, the local board reclassified defendant 1-A. Following this classification the defendant requested, and was granted, a personal appearance before the local board so that he could give reasons why he should have been classified IV-E or IV-D. Although the regulations provide that oral information given by the registrant at his personal appearance should be summarized and included in registrant's file, 32 C.F.R. (1949 Ed.) 1624.2(b), the court is unable to find any summary of such oral evidence in the record. However, this was not a violation of the selective service regulations or procedural due process for the following reason: the testimony of the defendant does not indicate that the testimony he gave at the personal appearance was different from that contained in his questionnaire, written statements and affidavits which were presented and made a part of his file. Cf. Ory v. United States, 5 Cir., 1953, 206 F.2d 500; Dickinson v. United States, 9 Cir., 1953, 203 F.2d 336, reversed on other grounds 346 U.S. 389, 74 S.Ct. 152.

■ The local board refused to change defendant's 1-A classification and

on August 22, 1951, he appealed to the state appeal board. The local board forwarded defendant's file to the appeal board which decided on October 5, 1951, by a 5 to 0 vote, that the defendant should not be classified in either Class I-A-O or I-O (Conscientious Objector classifications) and pursuant to Sec. 1626, 25(2), Title 32 C.F.R. (1949 Ed.), forwarded the file to the United States Attorney for this district. The Federal Bureau of Investigation conducted an investigation into the bona fides of the registrant's conscientious objector claims and filed a report with the Department of Justice hearing officer who conducted a hearing on May 28, 1952. Defendant, prior to this hearing, requested the opportunity to inspect the F. B. I. report. Although the Department of Justice refused the defendant's request, he was informed of certain information contained in his record by a letter dated May 20, 1952. The court assumes that this is a summary of the adverse information contained in the F. B. I. report.

The defendant was entitled to a fair résumé of any adverse evidence contained in the F. B. I. report. United States v. Nugent, 346 U.S. 1, 73 S.Ct. 991, 97 L.Ed. 1417. He claims he was not given a fair résumé and in order to prove his claim filed a praecipe for the issuance of a subpoena duces tecum compelling production of the report. On motion of the United States Attorney, the court quashed the subpoena, but later requested the United States Attorney to produce the report for *in camera* inspection in Chambers. The court's request was politely refused. The court cannot determine whether the résumé of the adverse evidence was fair without seeing what it is a résumé of; and under these circumstances could not conscientiously find the defendant guilty. United States v Nugent, 346 U.S. 1, 73 S.Ct. 991, 97 L.Ed. 1417; United States v. Wider, D.C.E.D.N.Y. 1954, 117 F. Supp. 484 noted 22 L.W. 2299; United States v. Stasevic, D.C. S.D.N.Y., 1953, 117 F.Supp. 371, United States v. Stull, E.D. Va., oral opinion Nov. 2, 1953 by Judge Hutcheson; United States v. Evans, D.C.Conn.1953, 115 F.Supp. 340.

The defendant appeared with several other witnesses at the hearing and gave evidence. The hearing officer issued a lengthy written opinion containing a summary of the F. B. I. report and concluding as follows:

From a review of the entire evidence, including the report of the F.B.I., the hearing officer arrived at the conclusion that the registrant was not a genuine conscientious objector within the Act of Congress.

In view of this, it cannot be said that the defendant was not prejudiced if the adverse evidence contained in the F. B. I. report was not fairly summarized for him.

For the reasons stated this case is dismissed and the defendant discharged.