**UNITED STATES v. BORTLIK.**

Crim. A. No. 12401.

United States District Court
M. D. Pennsylvania.

March 9, 1954.

J. Julius Levy, U. S. Atty., Scranton, Pa., Stephen A. Teller, Asst. U. S. Atty., Wilkes Barre, Pa., for plaintiff.

Hayden C. Covington, Brooklyn, N. Y., Maxwell H. Cohen, Stroudsburg, Pa., for defendant.

WATSON, Chief Judge.

The defendant, Stephen Frank Bortlik, is a Jehovah's Witness who claimed exemption from military service as a conscientious objector on religious grounds and as a minister. He was finally denied such exemption, classified 1–A, and ordered to report for induction. He did so report but refused to take the symbolic one step forward when ordered to do so. Because of this refusal, the defendant was indicted for unlawfully, knowingly and wilfully refusing to submit to induction into the armed forces of the United States in violation of Section 462 of Title 50 United States Code Appendix.

The defendant pleaded "not guilty", and trial by jury was waived.

Several days before the trial, the defendant had issued upon the United States Attorney and the Special Agent in Charge, Federal Bureau of Investigation, Philadelphia, Pennsylvania, subpoenas duces tecum for the production of the complete investigative report made by the agent or agents of the Federal Bureau of Investigation and

used by the Hearing Officer of the Department of Justice in conducting the hearing and making his report on the conscientious objections of Stephen Frank Bortlik, the defendant, which report was also used by the Department of Justice in making the recommendation to the Appeal Board. The Government moved to quash these subpoenas.

At the trial, the Court sustained the Government's motion to quash, and in this opinion will state its reasons for so doing.

Rule 17(c) of the Federal Rules of Criminal Procedure, 18 U.S.C., provides: "The court on motion made promptly may quash or modify the subpoena if compliance would be unreasonable or oppressive."

The Government contends that the subpoenas for the Federal Bureau of Investigation reports are unreasonable and oppressive since the reports called for are confidential pursuant to the Attorney General's Order No. 3229, May 2, 1939.

■ Courts should protect confidential informants who provide the Government with confidential material which on the basis of very well established principles followed by the courts, are normally protected from view. Courts should also be solicitous to protect against disclosures of the method, manner, and circumstances of the Government's acquisition of the materials.

The Government further contends that the decision in the case of United States v. Nugent, 346 U.S. 1, 73 S.Ct. 991, 994, 97 L.Ed. 1417, is authority for the quashing of these subpoenas.

■ The Supreme Court of the United States in the Nugent case held that the statutory scheme for review, within the selective service system, of exemptions claimed by conscientious objectors entitles them to no guaranty that the Federal Bureau of Investigation reports must be produced for their inspection. "The Department of Justice satisfies its duties under § 6(j) [of the Selective Service Act, 50 U.S.C.A.Appendix, § 456 (j)] when it accords a fair opportunity to the registrant to speak his piece before an impartial hearing officer; when it permits him to produce all relevant evidence in his own behalf and at the same time supplies him with a fair résumé of any adverse evidence in the investigator's report."

The defendant's position is that the purpose of the subpoena is to compel the production of the F. B. I. report so that the Court can discharge the responsibility that the Nugent decision places upon it, which responsibility is to say whether or not there was any adverse evidence in the F. B. I. report. The defendant further contends that if the Court so finds there was such evidence contained in the F. B. I. report, then the next question is, under the Nugent decision, did the hearing officer make a fair and full résumé of that evidence and give it to the defendant.

■ The defendant strongly relies on the recent decision of Judge Hincks in the case of United States v. Evans, D. C., 115 F.Supp. 340, 341. The defendant has overlooked the fact that in the Evans case, the defendant, at the hearing, to use Judge Hincks' language, " * * * made further request for adverse information contained in the investigative report which was then before the hearing officer." Judge Hincks pointed out: "In the Nugent case, it was held that the registrant could not complain of failure to provide him at the hearing before the Hearing Officer of a summary because he did not ask for it. That is not the case here. * * * "

The following relevant portions of the trial record in this case indicate that the defendant, Stephen Frank Bortlik, did not request a summary of any adverse evidence in the F. B. I. report when he appeared before the Hearing Examiner:

"*Cross-Examination.*

"By Mr. Teller, Assistant United States Attorney:

"Q. * * * At the time when you were before the hearing exam-

iner, did you ask for the Federal Bureau of Investigation report? A. No.

"Q. Did you ask for a summary of the Federal Bureau of Investigation report at that time? A. No."

Here, as in the Nugent case, defendant did not "seasonably request" information as to any unfavorable evidence in the Federal Bureau of Investigation report. Since defendant did not request a summary of any unfavorable evidence contained in the Federal Bureau of Investigation report, we do not reach the question which the defendant seeks to raise, viz., whether he received a fair summary. There was, therefore, no purpose in subpoenaing the Federal Bureau of Investigation report, and the Court properly quashed the subpoena.