Raymond GONZALES, Jr., Appellant,

v.

UNITED STATES of America,
Appellee.

No. 6045.

United States Court of Appeals
Tenth Circuit.

July 27, 1959.

Hayden C. Covington, Brooklyn, N. Y.
(W. H. Erickson, Denver, Colo., was with
him on the brief), for appellant.

Jack K. Anderson, Asst. U. S. Atty.,
Denver, Colo. (Donald E. Kelley, U. S.
Atty., James C. Perrill, Asst. U. S. Atty.,
Denver, Colo., and Daniel O. Omer, Col.,
JAGC, General Counsel, Selective Service

System, Washington, D. C., were with him on the brief), for appellee.

Before BRATTON, Chief Judge, and HUXMAN and LEWIS, Circuit Judges.

HUXMAN, Circuit Judge.

Appellant, Raymond Gonzales, Jr., was convicted of violating the Universal Military Training and Service Act, as amended, 50 U.S.C.A.Appendix, § 451 et seq., in that he knowingly and wilfully refused to submit to induction into the Military Forces of the United States. A somewhat detailed statement of the facts at the outset may be helpful in an orderly consideration of the questions presented for review.

Appellant is a male citizen of the United States and was subject to registration under the Universal Military Training and Service Act, as amended. He registered with Local Board Number 9, at Boulder, Colorado. In due course he was processed, was classified 1–A on November 13, 1952, and was duly notified of such classification. On receipt of his notice he requested a personal appearance, stating, in a letter dated November 22, 1952, that he was a minister devoting 100 hours a month to actual preaching and an additional 50 to 75 hours in preparation of such work. He attached four affidavits stating that he was engaged in full-time ministerial work.

On December 4, 1952, the Local Board classified him as a conscientious objector and placed him in Class 1–O. Thereafter, on June 30, 1953, the Local Board changed his classification to 1–A. Upon receipt of notice of this change, he requested a personal appearance before the Board and appended a letter appealing his classification. He was granted a hearing August 13, 1953. The Board, on its record, noted his appearance, granted him the right to appeal his 1–A classification, and entered a statement that it had reviewed his classification, reconsidered the information contained in his SSS Form 150, wherein it was stated that he believed in force to the extent that he would defend his person, his church and his home by killing, if necessary. The Board concluded that because of this, he should not be classified as a conscientious objector.

The Selective Service file was referred to the Justice Department, an investigation was conducted by the F.B.I., and its report, together with the file and other papers, was forwarded to Hearing Officer Fred M. Mazzula. He held a hearing in Denver which appellant attended. The Hearing Officer had the F.B.I. files and read them. He reported that appellant was a "sincere member of Jehovah's Witnesses and a believer in its tenets, but the teaching of this sect and the beliefs expressed by this registrant do not establish to the satisfaction of this Hearing Officer that the registrant is opposed to war in any form." The officer recommended that appellant's claim be not sustained. On February 1, 1954, T. Oscar Smith, Special Assistant to the Attorney General, in a letter to the Chairman of the Appeal Board, reviewed appellant's record, quoted from the Hearing Officer's report, and stated, "After consideration of the entire file and record, the Department of Justice finds that the registrant's objections to combatant and noncombatant service are not sustained. It is, therefore, recommended to your Board that registrant's claim for exemption from both combatant and noncombatant training and service be not sustained."

The Appeal Board classified appellant 1–A on April 1, 1954, and on return of the file to the Local Board, the Local Board again classified appellant 1–A, and on May 23, 1956, ordered him to report for induction on June 11, 1956. Notwithstanding his refusal to report, he was not prosecuted. His order to report was cancelled and his case was reopened and he was again classified 1–A. His request for a personal hearing was granted and a personal hearing was held August 17, 1956. He was again classified 1–A. His file was again forwarded to the Appeal Board and was again forwarded to the Justice Department for inquiry and hearing. The entire file, including the F.B.I. report, was forwarded to Hearing Officer Maurice Evensen. He sent a résumé of

the F.B.I. inquiry to appellant before the scheduled hearing. Appellant again attended the hearing. Hearing Officer Evensen concluded his report and reported that registrant was opposed to combatant training and service but concluded that registrant was not opposed to noncombatant training and service. He, therefore, recommended that registrant be exempt from combatant training and service only. Upon receipt of the Hearing Officer's report, the Justice Department reviewed it. The Department did not agree with the conclusion of the Hearing Officer.

In a letter to the Appeal Board dated March 21, 1957, the Justice Department recommended that appellant's claim be not sustained. It pointed out that while, as shown by the Board's records, appellant claimed that he was still devoting 100 hours per month to actual preaching, the report of the F.B.I., made a part of the recommendation, showed that he devoted only 20 to 25 hours per month to church activities and only approximately six and one-half hours per month to actual preaching. The Justice Department concluded by stating, "On the other hand the registrant's claim as to the amount of his religious activities is so highly exaggerated, if we are to believe the official records of his religious organization as reported in the résumé and recapitulated above, as to cast doubt upon his veracity and, consequently, upon his sincerity and good faith. Therefore, with due respect to the Hearing Officer's recommendation, the Department of Justice finds that the registrant's claim is not sustained. Accordingly, it is recommended to the Board that registrant's claim be not sustained." A copy of this recommendation was mailed by the Appeal Board to appellant. He answered it and stated that he did not inform the Local Board on August 17, 1956, as contended by the recommendation, that he was devoting 100 hours per month to preaching; that the only time he submitted such information was when he was pioneering, which was in the peri-

od of October 1, 1952 to April 16, 1953. On May 2, 1957, the State Appeal Board unanimously concurred in the recommendation of the Justice Department and classified appellant 1–A. Upon return of the file to the Local Board, he was notified of such classification. Thereafter, a new order to report was issued which appellant again ignored and this prosecution followed.

What occurred at the hearing on August 17, 1956, is in a large measure the crux of this case. It is conceded that at that time appellant was not engaged as a full-time minister and was not devoting approximately 100 hours per month to preaching and 50 to 75 hours additional in preparation for preaching. If, in fact, he told the Local Board at that time, as is recorded on its record, that he was so engaged, he was guilty of a false statement which would support a conclusion that he had not painted a complete or accurate picture, and would warrant the further conclusion that he was not sincere in his claim that he was a conscientious objector opposed to all forms of participation in combatant and noncombatant military activity [1] and would support the 1–A classification he received.

It is strenuously urged that appellant did not on August 17, 1956, state to the Board that he was engaged as a full-time minister, devoting 100 hours per month to preaching and 50 to 75 hours per month in preparation for such work. The Board did, at that time, record on its record of his case that that is what he stated. The contention is made that this record was made without receiving such testimony from appellant. In support thereof, it is pointed out that the fourth paragraph of the Board's report of August 17, 1956, is in the identical language of the fourth paragraph of appellant's letter of November 22, 1952, in which he did state that he was, at that time, devoting 100 hours per month to actual preaching and from 50 to 75 additional hours in preparation for such work. But it does not follow from this that no such

---

1. Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132; Witmer v. United States, 348 U.S. 375, 75 S.Ct. 392, 99 L.Ed. 428.

statement was made by him, in substance, at the August 17 meeting. Even if we assume that the Board copied the fourth paragraph of appellant's letter.of November 22, it would not impeach its record if, in fact, he told the Board substantially the same thing he stated in his letter of November 22.

■ When reviewing a classification made by a Board, a court is limited in its jurisdiction to ascertain whether there is no evidence to sustain the classification. The court may not weigh the evidence to determine whether the classification was justified.[2]

■ The duty rested upon appellant to make a full disclosure to the Board of all relevant facts affecting his status on August 17, 1956. It is conceded that he did not, at that time, tell the Board of his change of status from that claimed in his letter of November 22. His only answer is that he was not asked, but that is not sufficient to discharge the duty resting upon him to make a full disclosure of his status at that time. While he claims that he was denied the opportunity to adduce additional evidence, there is testimony in the record which would support a contrary conclusion.

■ The law is well settled that the recommendations of the Justice Department to the Board as to a registrant's classification are just that, and are not binding on the Board. No attempt will be made to analyze all the cases cited by appellant to sustain his contention that the recommendation by the Justice Department in this case requires a reversal. Among these cases are United States v. Close, 7 Cir., 215 F.2d 439; Hinkle v. United States, 9 Cir., 216 F.2d 8; and Shepherd v. United States, 9 Cir., 217 F.2d 942. In the Close case, the court held that an F.B.I. report reporting evidence with people whose views varied as to the sincerity of registrant's claim for exemption as a conscientious objector was not proper evidentiary basis upon which the Local Board could deny exemption. In the Hinkle case, the Board acted

upon the advice of the Justice Department that the registrant could not claim exemption because he stated that he would kill in self defense in the protection of his home and because of his belief in the justification of theocratic war. The Shepherd case was also decided upon erroneous legal advice given by the Justice Department. An examination of all the remaining cases shows them clearly distinguishable upon the facts.

■ In this case, the Justice Department merely advised that if the official record of the Board was to be believed, then his claim to ministerial exemption was so exaggerated as to cast doubt upon his sincerity, and, therefore, it recommended that the claim be not sustained. This left to the Board the decision whether the claim as to ministerial activities was exaggerated, and it resolved that question against appellant. We think it is clear in the record that the Board treated the communication by the Justice Department merely as its recommendation, considered it in light of the record of the Local Board, concluded that appellant had been guilty of gross misrepresentation of his ministerial status at the hearing before the Local Board on August 17, 1956, that because of such misrepresentation, he was not sincere in his claim that he was opposed to participation in war and in activities furthering the war effort, and based on those conclusions, classified him 1–A. It is our further view that the record is not without evidence to support these conclusions.

What has been said, disposes of the second assignment of error that the final 1–A classification was' arbitrary and capricious because it was without basis in fact. What has been said requires an affirmance of the judgment unless there was a denial of procedural due process under the Act or Regulations promulgated thereunder, or denial of due process under the Fifth Amendment.

■ It is contended that the Department of Justice denied appellant due process of law in failing to supply to the

2. Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132.

Appeal Board and to appellant a copy of each Hearing Officer's report. With respect to the hearing held before Officer Mazzula, it is sufficient to say that appellant's final classification was not based on that report or on the investigation of the F.B.I. That classification was set aside. When he appealed a second time, a second investigation was made by the F.B.I. Its report was furnished to Hearing Officer Evensen. He made available to appellant a résumé of that report. In United States v. Nugent, 346 U.S. 1, 73 S.Ct. 991, 97 L.Ed. 1417, the Supreme Court held that a registrant was not entitled to the F.B.I. report for inspection, and that all he was entitled to was a fair résumé of any adverse evidence in the investigator's report.[3] In Bouziden v. United States, 10 Cir., 251 F.2d 728, 731, we stated, "The fact that the Justice Department's recommendation forms a part of the record and the complete file is not before the board of appeals, does not make the board's action unlawful (since this is a determinative procedure set by statute) if there is a basis in fact to be found in the whole record."

Aside from that, the failure of the Justice Department to send the complete F.B.I. file to the Appeal Board, could not have misled it to appellant's prejudice as to the basis of the Department's recommendation that appellant be classified 1–A. Its recommendation was based on the sole ground that appellant's statement at the hearing of August 17, 1956, that he was spending 100 hours a month in preaching and 50 to 75 hours additional in preparation for such work would raise a serious question as to his sincerity and would justify a 1–A classification. The only part of the F.B.I. report relied upon by the Justice Department or alluded to in support of its recommendation to the Board was that part which reported what the church record showed as to the amount of time spent by appellant on August 17, 1956, in ministerial work, or in preparation of such work, and there is no claim that the F.B.I. did not correctly report these facts.

■ It is further contended that appellant was denied a fair hearing guaranteed by the Fifth Amendment when the court refused to compel the production of the F.B.I. reports, which were shown to be material and relevant, because appellant needed them to prove the defenses urged by him that he was denied procedural due process before the Appeal Board by the failure of the Justice Department to make an accurate summary of the F.B.I. reports, and thereby withheld from the Appeal Board evidence favorable to his conscientious objector's claim. If a defendant in a criminal case may compel the production of the F.B.I. reports which are made for the benefit of the Justice Department by merely stating that the Justice Department failed to make a fair summary of the evidence in its recommendation to the Board, then the pronouncement by the courts in cases such as United States v. Nugent, 346 U.S. 1, 73 S.Ct. 991, 97 L.Ed. 1417; Bouziden v. United States, 10 Cir., 251 F.2d 728; and United States v. Stasevic, D.C., 117 F.Supp. 371, to the contrary, become meaningless. These cases all point out why a defendant is not entitled to the production of these reports and no effort will be made to restate what has been said therein.

As was stated at the beginning, the crux of this case is whether at the August 17, 1956 hearing before the Local Board, appellant represented he was still devoting 100 hours a month to preaching and 50 to 75 hours additional in preparation of such work, when the fact is that he was only devoting a few hours per month to such work. The finding that he made this false representation finds support in the record and sustains the conclusion that he was not sincere in claiming to be a conscientious objector, and that, in turn, sustains the 1–A classification he received. The record also sup-

---

3. Hearing Officer Evensen furnished appellant with a résumé of the F.B.I. re-

port, and there is no showing in the record that it was not a fair résumé.

ports the further conclusion that he was afforded an opportunity at the hearing before the Local Board on August 17, 1956, to make a full disclosure of his status and present any evidence tending to support his claim. This opportunity was also afforded him before the Hearing Officer. It is no defense to say he was not asked about his change in ministerial status. The Board and the Hearing Officer were not there to develop anything. They were there to afford him an opportunity to present anything he had to offer in support of his claim. This constituted due process under the Act and its Regulations, as well as under the Fifth Amendment.

Affirmed.