UNITED STATES of America,
Plaintiff,

v.

Milton Carl HESSE, Defendant.

No. 68 CR 102(2).

United States District Court
E. D. Missouri, E. D.

Dec. 10, 1968.

Veryl L. Riddle, U. S. Atty., Roger Edgar, Asst. U. S. Atty., St. Louis, Mo., for plaintiff.

Louis Gilden, St. Louis, Mo., for defendant.

## MEMORANDUM

MEREDITH, District Judge.

Milton Carl Hesse was indicted by the grand jury for violation of 50 App. U.S.C. § 462, charged with failing to perform a duty required of him under the Universal Military Training and Service Act to report and submit for induction into the armed forces of the United States on January 26, 1968, as ordered by his local Selective Service Board. The case was tried to the Court without a jury.

The defendant, Milton C. Hesse, was born on December 27, 1945. He registered with Local Board No. 192 of the Selective Service System, Belleville, Illinois, on April 13, 1964. At that time he stated that he was conscientiously opposed to participation in war in any form and requested a conscientious objector form. He filled out the required form for conscientious objectors and returned it to the Local Board on May 25, 1964. He claimed to be a member of the Radio Church of God, and to be opposed to participation in both combatant and non-combatant training and service in the armed forces. He stated that he had been attending that church for about one year. He stated that his church was opposed to participation in military service, and quoted various scriptural passages in support of his beliefs.

The Local Board classified him 1-A-O. He was not satisfied with this classification and wrote the Board requesting that he be classified 1-O. The Board treated the letter as a request for an appeal to the State Appeal Board. The State Appeal Board tentatively determined that he should not be classified as 1-O, and requested that the Department of Justice make an investigation and recommendation to it as provided under the then existent Selective Service Regulations (32 C.F.R. 1626.25). The Department of Justice conducted an investigation and recommended to the Appeal Board that the registrant not be classified in Class 1-O or in Class 1-A-O. The State Appeal Board received the report of the Justice Department, and classified the registrant 1-A-O. The defendant, after receiving notice of such classification, requested an appeal from the decision. He was informed by the Local Board that, since no dissenting vote was cast by a member of the State Appeal Board, he could not appeal a second time.

The defendant was ordered to report for a preinduction physical. He was determined to be acceptable for military service. The Local Board, on May 4, 1966, ordered the registrant to report for induction on May 31, 1966. He reported, but refused to take the oath of induction. The State Director determined that the registrant should be reported to the United States Attorney for prosecution. The United States Attorney declined to prosecute the registrant because he was of the opinion that there was no basis in fact to support the 1-A-O classification, that the registrant was either 1-A or 1-O, depending upon the sincerity of his convictions.

The Illinois State Director of the Selective Service System notified the Local

Board, and requested that the registrant's classification be reopened and reconsidered. The attention of the Local Board was called to the recommendation of the Department of Justice that the registrant not be classified in class 1-O or class 1-A-O. The Local Board notified the registrant that his classification would be reconsidered. The Local Board classified the registrant 1-A on July 5, 1966. He appealed to the State Appeal Board. The Appeal Board again made a tentative determination that the registrant should not be classified as 1-O, and again requested an investigation and recommendation by the Department of Justice. The Department of Justice made a second investigation and again recommended that the registrant not be classified 1-O or 1-A-O. The Appeal Board classified the registrant 1-A on December 1, 1967. The registrant was ordered by his Local Board to report for induction on January 26, 1968. The registrant reported to the proper place, but refused to take the oath of induction.

■ The defendant contends that his classification was erroneous and that he was entitled to be exempted from combatant and non-combatant training and service because of conscientious objections. Congress in 50 App. U.S.C. § 456(j), as amended June 30, 1967, provides

"Nothing contained in this title * * * shall be construed to require any person to be subject to combatant training and service in the armed forces of the United States who, by reason of religious training and belief, is conscientiously opposed to participation in war in any form."

The scope of judicial review of administrative action under the Military Selective Service Act of 1967 (previously the Universal Military Training and Service Act), 50 App. U.S.C. § 451, et seq., is limited to a determination of whether the classification has "basis in fact". See, e. g., United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965),

citing Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed 567 (1946); Batterton v. United States, 260 F.2d 233 (8th Cir. 1958). The registrant bears the burden of establishing that he is entitled to the exemption that he seeks. He must make a prima facie case. Once this has been done by the registrant, then the record must contain affirmative evidence to refute his claim for exemption. See, e. g., Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132 (1953); Batterton v. United States, supra. The courts are not, however, to weigh the evidence to determine if the classification decision was justified.

■ There was sufficient affirmative evidence in the registrant's file before the Local Board, and the Appeal Board, to support the denial of the 1-O classification and to warrant the classification of 1-A. The classification of the defendant as 1-A has basis in fact. The report of the Hearing Officer of the Department of Justice, dated January 7, 1966, was in the registrant's file at the time the Local Board made the initial determination to classify him 1-A. The Appeal Board also had the advantage of the second report and investigation by the Department of Justice. There is sufficient evidence in the report of January 7, 1966, that the Local Board could have determined that the registrant was not entitled to the classification which he sought as a conscientious objector. There is evidence that the registrant was not familiar with the doctrines and beliefs of the church of which he was affiliated and upon whose beliefs and teachings he based his conscientious objections. His church opposed the use of tobacco and the registrant had not given up smoking until two weeks before the hearing. The registrant also was not consistent as to his tithing required by the Radio Church of God.

■ The Local Board is charged with the duty to classify registrants. It is the Local Board which is to make the determination as to whether a certain registrant is entitled to the exemption

he seeks. It is not the responsibility of the Department of Justice to make the determination. The role of the Department of Justice is to conduct a hearing and report to the Appeal Board. A résumé of the hearing and the investigation is then placed in the registrant's file. The United States Supreme Court in United States v. Nugent, 346 U.S. 1, 73 S.Ct. 991, 97 L.Ed. 1417 (1953), discussed the function which Congress intended the investigation and report of the Justice Department to play in the classification of conscientious objectors. There is nothing in the *Nugent* case which precludes the evidence contained in the report of the hearing conducted by the Department of Justice from serving as the "basis in fact" for a subsequent classification by the Local Board or the Appeal Board. An opposite view is expressed in United States v. Stasevic, 117 F.Supp. 371 (S.D.N.Y.1953). The Court in the *Stasevic* case read too much into the opinion of the Supreme Court in United States v. Nugent, supra. The evidence in the report of the Justice Department's hearing may serve as the "basis in fact" for a subsequent classification by the Local Board.

▮ The defendant contends that he was denied due process of law because his classification was changed from 1-A-O to 1-A by the Local Board in the second classification. He contends that after the Appeal Board had affirmed his 1-A-O classification, that the Local Board was without jurisdiction to classify him 1-A. He also urges that there is an estoppel by res judicata created by the first classification which prevents the reversal of the 1-A-O classification. These contentions are without merit. The regulations of the Selective Service System, at the time of the reclassification, provided:

32 C.F.R. 1625.1(a)

"No classification is permanent."

32 C.F.R. 1625.3(a)

"The local board shall reopen and consider anew the classification of a registrant upon the written request of the State Director of Selective Service * * * *"

The State Director ordered, on June 13, 1966, that the Local Board reopen and reconsider the classification of the defendant.

▮ The defendant also contends that he was denied a personal appearance hearing. There is no evidence in the record that he requested a personal appearance before the Local Board. He was informed of his right to such an appearance. He was a high school graduate. He is presumed to know the contents and meaning of what he has been advised in the forms and communications sent to him by the officials of the Selective Service System. United States v. Jones, 384 F.2d 781 (7th Cir. 1967). The record also shows that the defendant had the advice of his own attorney at various times during the classification process. It is contended that the defendant was misinformed as to his appeal rights by the Local Board. A review of the evidence and the Selective Service regulations shows that this contention is without merit.

▮ Equally without merit is the defendant's contention that section 10 (b) (3) of the Military Service Act of 1967 is unconstitutional, and his contention that his rights were violated because the Department of Justice Hearing Officer did not advise him of a right to counsel and the right against self-incrimination.

The motion of the defendant for a judgment of acquittal filed at the close of the Government's case and at the close of all the evidence will be denied and the defendant will be found guilty as charged.