**UNITED STATES v. AUSMEIER et al**
**Crim. No. 40120.**

District Court, E. D. New York.
April 29, 1946.

J. Vincent Keogh, U. S. Atty., of Brooklyn, N. Y. (Leo A. Roth, Sp. Asst. to Atty. Gen., of Washington, D. C., of counsel), for plaintiff.

David S. Kumble, of New York City, for defendants.

ABRUZZO, District Judge.

This is a motion for an order permitting the defendants to take the testimony of three witnesses now alleged to be in Germany, to wit, Hans Thomsen, Friedhelm Draeger and Hans Vogel, by deposition on the ground that they are unable to attend the trial of this case. The defendants further ask that the order provide that all expenses for the taking of these depositions be paid for by the Government.

The depositions are sought to be taken under Rule 15 of the Federal Rules of Criminal Procedure which provides that, if it appears that a prospective witness may be unable to attend a trial, that his testimony is material, and that it is necessary to take his deposition in order to prevent a failure of justice, the court at any time after the filing of an indictment or information may upon motion of a defendant and notice to the parties order that his testimony be taken by deposition. Rule 15 also provides that, if it appears that a defendant at whose instance a deposition is to be taken cannot bear the expense thereof, the court may direct that the expenses of travel and subsistence of the defendant's attorney for attendance at the examination shall be paid by the Government.

Rule 15 provides that a deposition shall be taken in the manner provided in civil actions. Rule 28 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that in a foreign state or country depositions shall be taken (1) on notice before a secretary of embassy or legation, consul general, consul, vice consul, or consular agent of the United States, or (2) before such person or officer as may be appointed by commission or under letters rogatory.

This application is presented to me upon the affidavit of David Kumble, the attorney for the defendants. The affidavit states that the attorney does not know what any of these witnesses would testify to in view of the fact that there has been no discussion with these witnesses or their representatives as to what testimony they would give in the event that their depositions were taken. The burden of establishing the necessity of taking these depositions is undoubtedly upon the movant. Wong Yim v. United States, 9 Cir., 118 F.2d 667, certiorari denied, 313 U.S. 589, 61 S.Ct. 1112, 85 L.Ed. 1544; United States v. Cameron, C.C.E.D.Mo., 15 F. 794.

The affidavit must indicate that the testimony of these witnesses is material and necessary to prevent a failure of justice. This imposition appears at the very beginning of Rule 15. The attorney's affidavit does not indicate that these witnesses are available for examination and, if available, whether they would voluntarily present themselves to give depositions. Before issuing a broad order of depositions to Germany, it seems to me that the affidavit must contain some reasonable assurance that the witnesses are available. There is not the slightest suggestion before me as to where or in what town or city these witnesses may reside or have their places of business.

I do not see, nor does the affidavit indicate, before whom these depositions could be taken if an order was issued so as to come within the rule with respect to depositions in foreign countries. If we assume that these witnesses might testify to something material in order that justice might not miscarry and that they could be found and would not voluntarily present themselves, the affidavit is barren of any suggestion of authority in Germany to force these witnesses to present themselves to give testimony.

The motion papers ask this Court to direct the Government to pay the expenses of the taking of these depositions. This re-

quest is made on the ground that these 18 defendants have no money with which to meet the expenses of the taking of the depositions. There is a total lack of proof before me of the inability of the defendants to bear this expense, and it would be straining the discretion provided in these rules for me to order depositions to be taken in view of the great expense attached as compared with the apparent futility of ever actually being able to take these depositions in addition to the hope that their testimony might be material.

I am not unmindful of the fact that these rules were made for the purpose of preventing a failure of justice, but I cannot establish the precedent that upon the bare statement of an attorney for a defendant that witnesses exist in a foreign country whose depositions, if and when taken, might help the defendants' case is ground for the issuance of a deposition at great expense to the Government.

For these reasons this motion is denied.