**UNITED STATES v. GLESSING.**
Cr. No. 8173.

United States District Court
D. Minnesota, Fourth Division.
Aug. 20, 1951.

C. U. Landrum, U. S. Atty. and James J. Giblin, Asst. U. S. Atty., St. Paul, Minn., for plaintiff.

Hayden C. Covington, Brooklyn, N. Y., for defendant.

NORDBYE, Chief Judge.

■ Defendant is charged by information with failing to submit for induction into the Armed Forces of the United States. A plea of not guilty has been entered. Defendant now proceeds under Rule 15(a), Federal Rules of Criminal Procedure, 18 U.S.C.A., for leave to take depositions of the persons referred to above. The affidavit signed by defendant's counsel in support of the motion states that the testimony of each member of the Presidential Appeal Board "is material and it is necessary to take his deposition in order to prevent a failure of justice." In general language, the deponent states that the order of the Draft Board is invalid because it denied defendant exemption as a minister of religion. However, there is a signal absence of any sufficient showing that any material testimony will be adduced from an examination of any member of the Appeal Board. The burden of establishing the necessity of taking these depositions under Rule 15(a) rests upon the movant. Depositions in criminal cases are to be taken only in exceptional situations and in order to prevent a failure of justice. Wong Yim v. United States, 9 Cir., 118 F.2d 667; United States v. Hofmann, D.C.S.D.N.Y., 24 F.Supp. 847.

■■ Presumably, these three members of the Presidential Appeal Board had before them on defendant's appeal the registrant's Selective Service file, and upon that record they concluded that the local Board's decision that defendant was not entitled to a Class IV–D classification should be affirmed. It is true that defendant contends that he desires to take the depositions of the members of the Appeal Board because then he would be able to show that their action was arbitrary and capricious. But, manifestly, the mental processes of the members of the Appeal Board cannot be delved into. These members occupy a quasi-judicial position, and in considering the record before them, any operations of their minds which may have prompted them to determine that defendant's draft status should not be changed is not a proper field for exploration in these proceedings. The right to immunity from such an examination seems evident.

■ There is no contention herein that the consideration of this appeal differed in any way from the normal and usual appeal which reaches that Board through duly designated procedure. In view of the number of appeals considered and pending before this Board, the Court should be hesitant to burden them with time-taking depositions in absence of a clear and satisfactory showing that material testimony would be obtained which is necessary in the furtherance, and to prevent the failure, of justice. The mere statement of defendant's counsel, who files the only affidavit in defendant's behalf, that the testimony of these Appeal Board members is material, is a sheer conclusion.

■ The case of Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567, makes it clear that the classification of a registrant by a local Draft Board is final when made in conformity with the regulations. In view of the narrow issues which will be before this Court on the trial of the merits of the above-entitled proceeding, it seems inconceivable that, in light of the showing made, there will be any testimony of the members of the Appeal Board which can bear thereon.

■ It follows from the foregoing that the motion must be denied for failure to show the required necessity as contemplated by Rule 15(a), Federal Rules of Criminal Procedure. It is so ordered.

The defendant is allowed an exception.