**UNITED STATES of America,**
**Appellee,**
v.
**Moritz BROKER, Defendant-Appellant,**
and
**Pasquale Maisiello, John Maisiello, Henry Wegner, S. Brukirer and P. M. Transfer Co., Inc., Defendants.**
**No. 340, Docket 24357.**

United States Court of Appeals
Second Circuit.

Argued June 13, 14, 1957.

Decided July 16, 1957.

Jesse Climenko, of Gallop Climenko & Gould, New York City, for appellant.

John T. Moran, Jr., Asst. U. S. Atty., S. D. of New York, New York City (Paul W. Williams, U. S. Atty., and Arthur B. Kramer, Asst. U. S. Atty., New York City, on the brief), for appellee.

Before CLARK, Chief Judge, and CHASE and HINCKS, Circuit Judges.

**PER CURIAM.**

The jury found the appellant guilty on three counts: the first charging the introduction of watch movements into the United States by means of a false statement, in violation of 18 U.S.C. § 542; the second charging the receipt and concealment of the watch movements after importation into the United States "contrary to law," in violation of 18 U.S.C. § 545; and the third charging a conspiracy to commit the substantive crimes charged in the first two counts. Concurrent sentences were imposed; two years on Count 1 and five years each on Counts 2 and 3.

■ The appeal is principally based upon a denial by the trial judge of appellant's motion under Rule 15, Federal Rules of Criminal Procedure, 18 U.S.C., to take in Germany by written interrogatories the deposition of one Brukirer —an alleged coconspirator and a named defendant. The motion was made not until the eve of trial, three months after Brukirer had been named as a coconspirator and more than two months after the appellant had been apprised by the Government that it would offer a witness who would testify that Brukirer had made statements incriminating the appellant. No satisfactory explanation of this delay was given. Nor was there any showing that Brukirer's answers, if taken, would tend to exonerate the appellant. The circumstances were such as strongly to suggest that the motion was only a dilatory tactic, as the judge apparently thought. Under Rule 15 the judge had discretion to rule on the motion. We think that here he made sound use of that discretion. Heflin v. United States, 5 Cir., 223 F.2d 371.

The appellant further claims that the offense charged in Count 1 was not proved. This count charged introduction into commerce "by means of a false statement contained in a form, entitled Transportation Entry and Manifest of Goods Subject to Customs Inspection and Permit." The proofs showed that this form was false in two respects: (a) in disclosing the packing cases covered by the form as containing tripods instead of watch movements, (b) in giving Canada instead of the United States as the destination. But Count 1 charged that the form was false as to contents: it did not charge falsity as to destination. The appellant insists that the only effective "means" for the attempted introduction into commerce in the United States was the false statement as to destination: that the alleged falsity as to contents was wholly immaterial to the perpetration of the crime.

■ Even so there was no deficiency of proof. As stated above, there was ample proof that the form, which constituted the "means" of the crime, was false as to destination as well as contents. Thus the real question posed relates not to the sufficiency of proof but the sufficiency of pleading. Was Count 1 fatally defective for its failure to allege falsity as to destination? We think not. It charged in the language of the statute that the means was a false form which was adequately identified as a "Transportation Entry and Manifest." That sufficiently defined the crime: it was not necessary to specify in just what respect the statement was false. United States v. Debrow, 346 U.S. 374, 376, 74 S.Ct. 113, 98 L.Ed. 92; United States v. Lepowitch, 318 U.S. 702, 704, 63 S.Ct. 914, 87 L.Ed. 1091; United States v. Josephson, 2 Cir., 165 F.2d 82, 85, certiorari denied 333 U.S. 838, 68 S.Ct. 609, 92 L.Ed. 1122.

The cases just cited also sustain the sufficiency of Count II against the appellant's attack. And his attack on the Government's summation rests on a petty point which was not saved below. See United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 238, 60 S.Ct. 811, 84 L.Ed. 1129.

Affirmed.