UNITED STATES of America, Plaintiff,

v.

Jesse GRADO, Defendant.

No. 19890.

United States District Court
W. D. Missouri, W. D.

Sept. 19, 1957.

Edward L. Scheufler, U. S. Atty., and Kenneth C. West, Asst. U. S. Atty., Kansas City, Mo., for plaintiff.

Austin B. Speers, Kansas City, Mo., for defendant.

R. JASPER SMITH, District Judge.

On July 5, 1957, the United States Attorney filed an information against defendant, charging him with violation of the Mann Act, Section 2421, Title 18

U.S.C.A. To this charge defendant entered a plea of not guilty.

Defendant now moves for an order permitting him to secure the deposition of the alleged complaining witness, Lupe G. Lopez, or to obtain a copy of the statement made by Lupe G. Lopez to police officers, or, lastly, to obtain a more definite statement of the Government's charge against him.

Defendant's first request to secure the deposition of Lupe G. Lopez is governed by Rule 15(a), Federal Rules of Criminal Procedure, 18 U.S.C.A., which reads as follows:

> "If it appears that a prospective witness may be unable to attend or prevented from attending a trial or hearing, that his testimony is material and that it is necessary to take his deposition in order to prevent a failure of justice, the court at any time after the filing of an indictment or information may upon motion of a defendant and notice to the parties order that his testimony be taken by deposition and that any designated books, papers, documents or tangible objects, not privileged, be produced at the same time and place."

Unlike the practice in civil cases in which depositions may be taken as a matter of right by notice without permission of the court (Fed.Rules Civ.Proc. rules 26 and 30, Title 28 U.S.C.A.), this rule permits depositions to be taken only by order of the court, made in the exercise of discretion and on notice to all parties.

■ In criminal cases, the defendant has the burden under this rule of establishing the necessity for taking a deposition of a prospective witness, and a deposition is to be taken only in exceptional situations and in order to prevent failure of justice. United States v. Glessing, D. C., 11 F.R.D. 501; United States v. Ausmeier, D.C., 5 F.R.D. 395.

■ The defendant has not sustained his burden. He has neither alleged nor established that Lupe G. Lopez may be unable to attend or may be prevented from attending the trial, or that failure to take the deposition will result in failure of justice. To the contrary, Lupe G. Lopez admittedly "will be one of the Government's main witnesses at the trial of this case." Her testimony undoubtedly is material, but because of her contemplated presence at the trial, no conceivable injustice will be worked against defendant if he does not take her deposition. For these reasons, defendant's motion to secure the deposition of Lupe G. Lopez is overruled.

■ In the event that he was prevented from securing Lopez's deposition, defendant further moved to obtain a copy of the statement made by Lupe G. Lopez to law enforcement officials. Jencks v. United States, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103, is the decision upon which defendant principally relies in requesting the production of a statement of a prospective witness prior to trial. A proper determination of defendant's request necessitates an analysis of the scope of that decision.

The Government argues that defendant's reliance is misplaced, since it appears that the Jencks ruling only requires the production of a statement of the witness after he has testified, and does not extend pre-trial rights of discovery. Defendant obviously urges that the Jencks case sanctions pretrial disclosure of statements made by prospective Government witnesses.

I have studied thoroughly the Jencks opinion. My study discloses that the sole concern of the Supreme Court in that case was the production to defense counsel of statements made by the Government's witnesses to the F.B.I., to the end that the defense, knowing the actual, immediate testimony of those witnesses given at the trial, and comparing it with their earlier statements given to the F.B.I., might impeach the credibility of the witnesses on cross-examination. To this situation, and this situation alone, is the Jencks decision applicable. I agree entirely with Judge Edmund L. Palmieri, who said, in United States v. Benson, D.

C., 20 F.R.D. 602, decided but a few days after the decision in the Jencks case:

" * * * As I read the Supreme Court majority and concurring opinions, I find no language which would justify its application to pre-trial procedure. Close scrutiny of the opinions in the Jencks case reveals no references to Rule 16 or Rule 17, or to disclosure in advance of trial. Moreover, it appears from the briefs before the Supreme Court that they contain no arguments urging pre-trial disclosure of statements of potential Government witnesses. Indeed, the very touchstone of the Jencks decision is the issue of credibility of the witnesses at the trial. Before the defense is entitled to disclosure of any statements made by a Government witness for the purpose of discrediting him, the credibility of the witness whose prior statements are sought must be in issue. * * *

"The necessary impact of the Jencks holding is that the Government must accept obligations of disclosure once its witness is called to the witness stand. But I do not understand it to mean that the vast horizon of pretrial disclosure, in the sense urged upon me in this motion, is now available to defense counsel in criminal cases. Since there is no trial in progress and since, necessarily, no witnesses have been called to testify, there is no present issue of credibility which can justify the disclosure sought by the defendants. The defendants have acted prematurely."

To the extent that United States v. Grossman, D.C., 154 F.Supp. 813, and United States v. Anderson, D.C.E.D.Mo. 1957, 154 F.Supp. 374, refuse pre-trial discovery of statements of Government witnesses, I cite them with approval.

To further support my position that the Jencks ruling applies merely to situations of credibility during the trial, and not to those that may occur months or weeks before trial, I quote from Justice Brennan's opinion [353 U.S. 657, 77 S.Ct. 1013]:

"We now hold that the petitioner was entitled to an order directing the Government to produce for inspection all reports of Matusow and Ford in its possession, written and, when orally made, as recorded by the F.B.I., *touching the events and activities as to which they testified at the trial.*" (Emphasis mine.)

The Jencks decision required the production of statements in the possession of the Government relative to Matusow's and Ford's testimony at Jencks' trial. It required nothing more.

In refusing pre-trial disclosure here of Lopez's statement, and in arriving at my conclusion concerning the interpretation of the Jencks case, I am not ignorant of United States v. Hall, D.C.W.D. Ky., 153 F.Supp. 661, which is contrary to the result I have reached here. However, in my thinking, that case misconstrues the proper application of the Jencks case, and I do not choose to follow it.

The attention of the parties is directed to Senate Bill No. 2377, which is now effective legislation, Public Law 85–269, enacted by the Eighty-Fifth Congress at its First Session, and which becomes Section 3500, Title 18 U.S.C.A. This statute governs all demands for production of statements of Government witnesses hereafter that may arise in this case, or in any other criminal case before this Court.

Accordingly, defendant's motion requesting a copy of the statement made by Lupe G. Lopez to any agent of the Government is overruled, as being premature.

 Finally, I come to a consideration of defendant's last motion to secure a more definite statement of the Government's charge. I construe the motion as one for a bill of particulars, pursuant to Rule 7(f). Such a request is addressed to the discretion of the Court. The information filed against defendant

does not omit any of the essential elements of the charge, but for purposes of defendant's motion, it must be determined whether it informs the accused with sufficient particularity of the charge against which he will have to defend at the trial.

A bill of particulars is to define more specifically the offense charged, and does not function as a device through which a defendant can secure evidentiary details upon which the Government will rely at trial. Steffler v. United States, 7 Cir., 143 F.2d 772; Cefalu v. United States, 10 Cir., 234 F.2d 522.

As drafted, the information filed here against defendant gives him notice of the specific charge against him, and informs him of the particular transaction in question. The precision with which the nature of the charge is outlined enables the accused to prepare for trial. Defendant's motion for a bill of particulars is denied. It is so ordered.