UNITED STATES of America

v.

Ivan Dmitrievich EGOROV, a/k/a Ivan D. Yegorov, Aleksandra Ivanovna Egorova, a/k/a Alexandra I. Egorova, John Doe, a/k/a Robert Keistutis Baltch, a/k/a Robert Baltch, and Jane Doe, a/k/a Joy Ann Garber, a/k/a Joy Ann Baltch, a/k/a Joy A. Blatch.

No. 63-CR-314.

United States District Court
E. D. New York.

Dec. 20, 1963.

See also D.C., 222 F.Supp. 862.

Edward Brodsky, New York City, for defendants Baltch, for the motion.

Joseph P. Hoey, U. S. Atty., by Joseph V. Costa, Asst. U. S. Atty., in opposition.

RAYFIEL, District Judge.

The above-named defendants were indicted on July 15, 1963, charged with conspiring (1) to transmit to the Union of Soviet Socialist Republics (U.S.S.R.) information relating to the national defense of the United States, and (2) to act as agents of the U.S.S.R. in the United States without prior notification to the Secretary of State. The indictment named Petr Egorovich Maslennikov and Aleksei Ivanovich Galkin as co-conspirators, but not as defendants.

On or about October 11, 1963 the indictment was dismissed as to the defendants Egorov and Egorova and they were deported to Russia, of which country they are nationals. Maslennikov and Galkin left this country in or about January, 1963, and probably are presently domiciled in Russia.

The defendants Baltch have moved under Rule 15 of the Federal Rules of Criminal Procedure "for an order to take the depositions, either by open commission, letters rogatory or by any other method directed by the Court" of the aforementioned Egorov, Egorova, Maslennikov and Galkin, or, in the alternative, for an order dismissing the indictment.

■ Rule 15(a) provides, in pertinent part, that "[I]f it appears that the prospective witness may be unable to attend or prevented from attending a trial or hearing, that his testimony is material and that it is necessary to take his deposition in order to prevent a failure of justice, the court * * * may upon motion of a defendant * * * order that his testimony be taken by deposition * * *." Rule 15(d) provides that "[A] deposition shall be taken in the manner provided in civil actions". The granting of an application under said rule lies in the discretion of the court. United States v. Broker, 2 Cir., 246 F.2d 328, cert. denied 355 U.S. 837, 78 S.Ct. 63, 2 L.Ed.2d 49; Heflin v. United States, 5 Cir., 223 F.2d 371.

Section 1781 of Title 28, United States Code, provides for the manner in which return of letters rogatory may be made by the foreign court or officer executing the same.

It is the movants' belief that the prospective witnesses will be unable to attend the trial or will be prevented from doing so. Each of the defendants Baltch, in an affidavit verified November 4, 1962, states: "I do not know of any of those persons (the prospective witnesses). I never met any of them and I never agreed or conspired with any of them to commit the crimes charged in the indictment or to do anything else," and, further, "I believe that if each of the four persons referred to above (the prospective witnesses) were questioned, his or her truthful testimony would be that they do not know me, they never met me and they never agreed or conspired to commit the crimes charged in the indictment or do anything else." (Matter in parenthesis added.)

■ The Government, in opposing the motion, charges the Baltches with dilatoriness in making their application, claiming that during the incarceration of the Egorovs over a period of some three months no inquiry was made of them or their representative to ascertain whether they would testify on behalf of the Baltches, nor was any attempt made to take their depositions while they were within the jurisdiction of the United States. The Government claims are without merit. The Egorov depositions would not have been taken before their deportation, first, because it could not have been then shown, as required by Rule 15(a), supra, that they would "be unable to attend or be prevented from attending" the trial, and second, because, inasmuch as they themselves were defendants, they could not have been subjected to oral examination without their consent.

The Government makes the further contention that the Baltches have failed to meet their burden of establishing that the prospective witnesses would testify in the manner and to the effect stated by the movants, and that their testimony would be material to the defense.

■■ It is true, that ordinarily the movants would have the burden of establishing the necessity of taking the depositions of prospective witnesses. United States v. Glessing, D.C., 11 F.R.D. 501; United States v. Grado, D.C., 154 F. Supp. 878; United States v. Ausmeier, D.C., 5 F.R.D. 395. In the instant case, however, it would appear that because of the nature of the charges herein, the identity of the persons whose depositions

are sought, the political and other factors and circumstances here present, the fact that the movants do not know the whereabouts of the prospective witnesses and, hence, cannot ascertain whether they would consent or be permitted to be examined, and, if so, the nature and extent of their testimony, the movants should not be required to comply literally and completely with Rule 15(a), supra. We cannot, of course, anticipate the extent, if at all, to which their testimony would conform to the prediction or belief of the Baltches, but there can be little doubt that the testimony which they seek and hope to elicit from the prospective witnesses would be material to the issues herein, and that the denial of their motion for leave to take the depositions would or might result in a failure of justice.

Accordingly, the motion for leave to take the depositions of Ivan Dmitrievich Egorov, Petr Egorovich Maslennikov, Aleksei Ivanovich Galkin and Aleksandra Ivanovna Egorova is granted.

This opinion will serve as the order herein.