**UNITED STATES of America,
Plaintiff,**

v.

**Charles G. HAGEDORN, Defendant.**

**No. 66 Cr. 347.**

United States District Court
S. D. New York.

May 13, 1966.

Robert M. Morgenthau, U. S. Atty., Southern District of New York, for the United States, Thomas H. Baer, Asst. U. S. Atty., of counsel.

Kostelanetz & Ritholz, New York City, for defendant, Boris Kostelanetz, New York City, of counsel.

FRANKEL, District Judge.

Defendant, indicted on April 7, 1966, in two counts charging attempted tax evasion for the years 1959 and 1960, moved twenty days later, under Rule 15 Fed.R.Crim.P., to take the deposition of one Samuel P. Beaver. In support of the motion, the following facts are asserted in affidavits of defendant's counsel and of an accountant for the corporations to which the criminal charges relate:

Beaver was comptroller and office manager of defendant's corporations during the years covered by the indictment. It is expected that the Government's proof will relate in material part to false entries in the books Beaver was charged with keeping. The defense will claim that Beaver, without defendant's knowledge, intentionally falsified the books and kept a secret list of the errors thus made. Then, it is said, after leaving his position in 1961, Beaver demanded that defendant pay him $10,000 to keep silent about this, threatening otherwise to report defendant as a tax evader. The auditor swears in his affidavit that this demand and threat were made through him as well as being put to defendant directly.

It is undisputed that Beaver became an informant whose disclosures to the Government preceded the indictment. In fact, a quaint clerical bumble resulted in the mailing to defendant, rather than Beaver, of the Government's form for claiming the informant's reward.

Beaver lives in New York and is thus conveniently available as a witness if nothing untoward happens. However, he is between 77 and 80 years old, and the affidavit of defense counsel says he "has some history of ill health." The defendant, counsel says, proposes to call him. It is also said—and the prosecution chooses neither to admit nor to deny this —that the Government does not propose to use Beaver as a witness.

Upon the foregoing assertions, defendant urges that this is an appropriate case for allowing a deposition, since the situation is one, in the language of Rule 15(a), where "it appears that a prospective witness may be unable to attend or prevented from attending a trial or hearing, that his testimony is material and that it is necessary to take his deposition in order to prevent a failure of justice * * *."

■ Opposing the motion on the affidavit of the Assistant United States Attorney in charge of the case, the Government says, *inter alia*, that "the affidavits in support of the motion do not indicate the necessity or relevancy to the defense of the proposed * * * deposition * * *." This contention is not easy to understand. The Government does not question, but confirms, that the corporate bookkeeping entries will be material subjects at the trial. If the case rests upon false books, and if they were falsified by Beaver without defendant's knowledge, there would seem to be the makings of an impressive defense. At a minimum, this is not a case where the defendant has asked for a deposition without indicating "what form [his] * * * defense * * would take." United States v. Whiting, 308 F.2d 537, 541 (2d Cir. 1962), cert. denied sub nom. Crowe v. United States, 372 U.S. 909, 83 S.Ct. 722, 9 L.Ed.2d 718 (1963). This defendant has an-

nounced a proposed defense and has shown at the same time that the knowledge of the proposed deponent can be expected to be material.

The Government says, however, that defendant cannot possibly claim the Beaver testimony "would tend to exonerate" him.[1] And this certain prediction is explained as follows (Government's Memorandum in Opposition, p. 3):

"All bookkeeping entries relevant to this case, if made by Mr. Beaver, were made at the instance of defendant. Since defendant had Mr. Beaver make entries charging defendant's personal expenses as corporate business expenses, such testimony will tend to incriminate defendant rather than exonerate him."

■ If this sort of *ipse dixit* by government counsel could conclude the subject, it is difficult to see how a defendant moving under Rule 15 could ever show adequately "the materiality of the testimony which it is expected [the deponent] * * * will give * * *." See United States v. Whiting, supra, 308 F.2d at 541. If we presume, contrary to familiar principle, that a person having pertinent information can only "tend to incriminate defendant rather than exonerate him," it follows that a defendant can never have a justification for invoking the Rule. But the Rule imposes no requirement that the defendant show the expected testimony will surely acquit him. It requires him to make it "appear" —sufficiently to warrant a favorable exercise of the court's discretion—that the anticipated testimony "is material." It requires a reasoned basis for expecting that the testimony may exonerate him.

To be sure, cases have talked of a defendant's burden to show that the testimony *"would* tend to exonerate" him. E. g., United States v. Whiting, supra, at 541; United States v. Broker, supra, 246

F.2d at 329. Read in context, however, those words mean no more than the Rule says—that there must be a "convincing showing that the anticipated testimony * * * would be material" to some defense. United States v. Whiting, supra, 308 F.2d at 541. Of course, the defendant's claim, and showing, must be in terms of his hoped for "exoneration." But the showing is not defeated by even a highly plausible forecast that the hope will be shattered in the event.

We conclude that defendant has sufficiently demonstrated the likely materiality of the testimony he seeks. This leaves his essential averments that (1) the "prospective witness may be unable to attend" the trial and (2) "it is necessary to take his deposition in order to prevent a failure of justice * * *."

As to the first, the Government says it will be "ready for trial in the near future and under such circumstances, it is not necessary to preserve testimony * * *." Furthermore, the affidavit of government counsel says Beaver goes to work daily and appears to be healthy. These are pertinent considerations. They are not enough, in the circumstances of this case, to defeat the motion.

■ It is to be hoped that the Government's plan for an early trial will materialize. It may not, however. The indictment is scarcely a month old. Other motions by defendant are set for hearing as this is written. The court's calendar is not light. Considering these factors and the advanced age of the proposed deponent, it makes sense, however grim, to consider this an appropriate occasion for preserving testimony. The probabilities, and everyone's hopes, are in favor of Beaver's availability for the trial. There remains a substantial possibility that this will not be so—enough to make it appear that the witness "may be unable to attend * * *."[2]

---

1. The reference here is to United States v. Broker, 246 F.2d 328, 329 (2d Cir.), cert. denied, 355 U.S. 837, 78 S.Ct. 63, 2 L.Ed.2d 49 (1957), which does, indeed, support denial of a deposition in a criminal case where no such showing is made.

2. In making this judgment, we have not given heavy weight to the general statement of defense counsel that Beaver "has

We come, finally, to the discretionary appraisal contemplated by the requirement of Rule 15 that the deposition be deemed "necessary * * * in order to prevent a failure of justice * * *." To supply some of the enlightenment one wants for the execution of a mandate so broad, government counsel was asked on argument of the motion to show how the prosecution would be prejudiced if the deposition were allowed. The answer was not imposing. It was suggested that defense counsel proposes to delay trial of the case. If this prediction, not warranted by anything before us, proves correct, neither the prosecution nor the court should be impotent to deal with the problem. There is no reason why the present motion, or the terms on which we propose to grant it, should foster delay. For the rest, there is no claim by the Government that the motion is an attempt to obtain otherwise impermissible discovery of the Government's case. Cf. In re United States, 348 F.2d 624 (1st Cir. 1965); United States v. Grado, 154 F.Supp. 878 (W.D.Mo.1957). On the contrary, government counsel says it is "abundantly clear that the deposition is not sought for purposes of discovery, but is sought to insure the availability of the testimony of Mr. Beaver." There is, to put it shortly, no showing of prejudice to the prosecution or to the interest we all have in fair and orderly disposition of the case.

■ Where depositions under Rule 15 have been refused, as illustrated by the several cases cited earlier in this opinion, the courts have been affected by ulterior aspects of defendants' tactics—by the tardiness of the motions, by apparent purposes of delay, by evidences that the real objective was forbidden discovery rather than the preservation of material evidence. Here, we are influenced pervasively, on the several aspects of the problem, by the absence of such factors. Having found an adequate showing of materiality and of the witness's possible un-

availability for the trial, we hold it "necessary to take his deposition in order to prevent a failure of justice * * *."

The motion is granted. Within twenty days from this date, unless the time is extended for cause shown, defendant may take the deposition of Samuel P. Beaver concerning the subject matter described in the motion—namely, "the existence of a secret record kept by Beaver of the entries made in the records of Hagedorn Publishing Co., Inc., House Organs, Inc., Mail Unlimited, Inc., and Town and Village, Inc., the alleged scheme to obtain monies from the defendant, or alternatively an informer's reward from the Internal Revenue Service, the acts committed in furtherance thereof, and the circumstances under which the alleged secret record and information concerning its content came to the defendant's attention for the first time * * *."

So ordered.

---

some history of ill health." On the other hand, the Government, which affirms an apparently cooperative relationship with Beaver, has produced nothing from him or from anyone with first-hand knowledge to indicate that he is entirely robust. It seems fair on balance to infer that he has no less than the normal burden of infirmities borne by people of his age.