**UNITED STATES of America,**

v.

**Alejandro FIGUEROA, Defendant.**

**No. 68 Cr. 1024.**

United States District Court
S. D. New York.

April 24, 1969.

Robert M. Morgenthau, U. S. Atty. for Southern District of New York, New York City, for United States of America; James W. Brannigan, Jr., Asst. U. S. Atty., of counsel.

Frederick H. Block, New York City, for defendant.

EDWARD WEINFELD, District Judge.

After the Court granted defendant's motion authorizing an investigator (a Puerto Rican attorney and a friend of the defendant) to proceed to Cuba at government expense to investigate certain matters, the defendant moved orally to take the deposition by written interrogatories of Jose Rafael Rios Cruz, a codefendant, pursuant to Rule 15 of the Federal Rules of Criminal Procedure. Cruz, believed to be in Cuba, is a fugitive from justice, warrants for his arrest and for two other codefendants having been issued and outstanding since December, 1968.

Rule 15(a) authorizes depositions when "it appears that a prospective witness may be unable to attend or prevented from attending a trial * * *." Such is not the case with respect to Cruz; he has willfully absented himself.[1] Moreover, there is no showing that he is willing to testify.[2] And even if it were shown that he has consented to be deposed, it is evident, in the light of the charges against him and other defendants, that no meaningful examination can be conducted by direct and cross-interrogatories.[3] This is particularly so, since he is a codefendant, an American citizen, who has not only been a fugitive from justice, but is sheltered in a country with which we have no diplomatic relations, and thus is afforded protection against sanctions that may be sought for perjurious testimony.[4] In addition, the government could not prepare cross-interrogatories without disclosure in advance of the movant's trial of the substance of its case.

Finally, although the indictment has now been pending for months, the motion is made on the "eve of trial." [5]

---

1. United States v. Hayutin, 398 F.2d 944, 954 (2d Cir.), cert. denied, 393 U.S. 961, 89 S.Ct. 400, 21 L.Ed.2d 374 (1968); United States v. Kelly, 349 F.2d 720, 769 (2d Cir. 1965), aff'g United States v. Van Allen, 28 F.R.D. 329, 346 (S.D. N.Y.1961), cert. denied, 384 U.S. 947, 86 S.Ct. 1467, 16 L.Ed.2d 544 (1966); cf. United States v. Soblen, 203 F.Supp. 542, 568 (S.D.N.Y.1961), aff'd, 301 F.2d 236 (2d Cir.), cert. denied, 370 U.S. 944, 82 S.Ct. 1585, 8 L.Ed.2d 810 (1962).

2. United States v. Birrell, 276 F.Supp. 798, 823 (S.D.N.Y.1967); United States v. Ausmeier, 5 F.R.D. 395, 396 (E.D. N.Y.1946).

3. Cf. Oscar Gruss & Son v. Lumbermens Mut. Cas. Co., 41 F.R.D. 279, 282 (S.D. N.Y.1966); Branyan v. Koninklijke Luchtvaart Maatschappij, 13 F.R.D. 425, 427–428 (S.D.N.Y.1953); Lago Oil & Transp. Co. v. United States, 97 F.Supp. 438, 439 (S.D.N.Y.1951).

4. See 28 U.S.C. § 1783.

5. See United States v. Whiting, 308 F.2d 537, 541, 542 (2d Cir. 1962), cert. denied sub nom. Crowe v. United States, 372 U.S. 909, 83 S.Ct. 722, 9 L.Ed.2d 718 (1963); United States v. Broker, 246 F.2d 328, 329 (2d Cir.), cert. denied, 355 U.S. 837, 78 S.Ct. 63, 2 L.Ed.2d 49 (1957); United States v. Birrell, 276 F. Supp. 798, 823 (S.D.N.Y.1967).

Under all the circumstances, the Court, in the exercise of discretion, denies the application, but without prejudice to renewal following the return of the investigator.