**UNITED STATES of America**

v.

**Sidney ROSENSTEIN, Irving Braverman, Foremost Brands, Inc. and McInerny Sales, Inc., Defendants.**

**No. 68 CR. 972.**

United States District Court
S. D. New York.

May 27, 1969.

---

6. This case has been criticized in Atlantic Mutual Ins. Co. v. Poseidon Schiffahrt, etc., 313 F.2d 872 (7 Cir., 1963).

Robert M. Morgenthau, U. S. Atty., Abraham D. Sofair, Asst. U. S. Atty., of counsel, for plaintiff.

James M. La Rossa, New York City, for defendants.

TENNEY, District Judge.

Defendants herein make the following respective motions before this Court: (1) defendant Irving Braverman seeks, pursuant to Title 18, United States Code, Section 3237(b), to transfer his trial to the Eastern District of New York on the ground that, during all the times wherein it is alleged that defendant Braveman conspired to evade income taxes, he resided in Brooklyn, New York, which location is within that district; (2) defendants move for an order pursuant to Rule 15(a) of the Federal Rules of Criminal Procedure directing the examination by way of deposition of Herbert Batliner and Alfred Buehler, both of Vaduz, Lichtenstein, and of James Ward of Lancashire, England, all as prospective witnesses on defendants' behalf; and (3) defendants move, pursuant to Fed.R.Crim.P. 7(f), for an order directing the United States Attorney to furnish them with a bill of particulars and for discovery and inspection pursuant to Fed.R. Crim.P. 16.

212

### Motion for a Change of Venue

Title 18, United States Code, Section 3237(b), sets forth that notwithstanding subsection (a), which provides for the general rule that an offense may be prosecuted " * * * in any district in which such offense was begun, continued or completed * * * ",

" * * * where an offense is described in section 7203 of the Internal Revenue Code of 1954, or where an offense involves use of the mails and is an offense described in section 7201 or 7206(1), (2) or (5) of such Code * * * *and prosecution is begun in a judicial district other than the judicial district in which the defendant resides,* he may upon motion filed in the district in which the prosecution is begun, elect to be tried in the district in which he was residing at the time the alleged offense was committed * * * *." (Emphasis supplied.)

It is abundantly clear that Congress, by its enactment of section 3237(b), intended to give a defendant prosecuted in a district other than the one in which he presently resides and charged with a violation of Title 26, United States Code, Section 7201, or a related conspiracy count, the right to be transferred for trial to the judicial district of his residence at the time the alleged offense was committed. United States v. Dalitz, 248 F.Supp. 238, 240 (S.D.Cal.1965); United States v. Rosenberg, 226 F.Supp. 199, 201 (S.D.Fla. 1964). Inasmuch as defendant Braverman presently resides in Manhattan, the district in which the prosecution was, in fact, commenced, the transfer provision would not be applicable.

### Motion for Depositions

Defendants move, pursuant to Rule 15 (a) of the Federal Rules of Criminal Procedure for an order directing that depositions be taken of the following prospective witnesses for the defense: (1) Herbert Batliner of Vaduz, Lichtenstein; (2) Alfred Buehler, also of Va-

duz, Lichtenstein; and (3) James Ward of Lancashire, England.

Fed.R.Crim.P. 15(a) provides in pertinent part:

"If it appears that a prospective witness may be unable to attend or prevented from attending a trial or hearing, that his testimony is material and that it is necessary to take his deposition in order to prevent a failure of justice, the court at any time after the filing of an indictment or information may upon motion of a defendant and notice to the parties order that his testimony be taken by deposition * * * *."

Additionally, it should be noted that it was the intention of the Advisory Committee that, in criminal cases, depositions are to be used "only in exceptional circumstances". United States v. Birrell, 276 F.Supp. 798, 822 (S.D.N.Y. 1967). In view of the limited application of this rule, this Court is constrained to grant defendants' motion only with respect to James Ward.

To allow the deposition of Mr. Buehler, who is presently a fugitive from justice subject to arrest pursuant to the outstanding order of contempt issued by the Honorable Inzer B. Wyatt of this court on February 9, 1968, would itself be an "injustice", rather than "prevent a failure of justice". United States v. Van Allen, 28 F.R.D. 329, 346 (S.D.N.Y.1961).

With regard to Mr. Batliner, the bare recital in an affidavit submitted by defense counsel that " * * * your deponent has reason to believe that [Mr. Batliner] will not attend any trial conducted in the United States. * * * ", absent any factual elaboration showing that the witness, in fact, cannot be present, is insufficient to set the provisions of Rule 15(a) in motion. United States v. Birrell, *supra* at 823 of 276 F.Supp.

James Ward, believed to be an employee of Continental Trade Establishment, in all probability has knowledge as to who had ownership and con-

trol of said corporation, which testimony would be relevant to a determination of the issues at trial. In light of Mr. Ward's letter of February 11, 1969, addressed to defense counsel, in which he enclosed a medical certificate confirming an arteriosclerosis and chronic bronchitis condition, preventing any travel to the United States, and in which he expressed regrets over his inability to be of more assistance, together with defense counsel's representation in an affidavit that Mr. Ward had informed him that he would be willing to submit to a deposition in England, it is the opinion of this Court that the above-stated representations constitute a sufficient showing to satisfy the requirements of Rule 15(a).

### Motion for a Bill of Particulars

█ The Government has consented to furnish information, with regard to the several counts of the indictment, sufficient to apprise the defendants of the nature of the crimes charged and to enable the adequate preparation of a defense. However, in addition, this Court in its discretion hereby requires the Government, to the best of its ability, to:

(1) Identify each co-conspirator alleged in the indictment as "diverse other persons to the Grand Jury unknown", by name and address, as such conspirators become known to the prosecution;

(2) State whether Continental Trade Establishment is a corporate entity, specifying, if any

  a. the date of incorporation,

  b. where incorporated,

  c. the incorporators of such entity;

(3) State whether it will be claimed that an account or accounts were maintained by any of the defendants or co-conspirators, corporate or individual, at the Bank Leu, Zurich, Switzerland, specifying:

  a. the owner of record of said account or accounts;

  b. when such account or accounts were opened;

  c. whether such account or accounts are still active;

(4) State the substance of the conversations alleged as overt acts four and five;

(5) State whether conversation is relied upon, as to overt act seven and, if so, the substance thereof.

### Motion for Discovery and Inspection

It is the opinion of this Court that defendants' motion for discovery and inspection of items beyond which the Government has already consented to furnish be denied.

After due consideration and for the above-stated reasons, the within motions are granted to the extent indicated herein.

So ordered.