**UNITED STATES of America**

v.

**Samuel BRONSTON, Defendant.**

**No. 69 Cr. 696.**

United States District Court,
S. D. New York.

Jan. 7, 1971.

**1270**

Whitney North Seymour, Jr., U. S. Atty. for S. D. N. Y., New York City, for plaintiff; Walter Phillips, Asst. U. S. Atty., of counsel.

Orans, Elsen & Polstein, New York City, for defendant; Shelden H. Elsen, New York City, of counsel.

## MEMORANDUM

TENNEY, District Judge.

The defendant, Samuel Bronston, has moved herein orally,[1] by his attorney, for leave to take depositions in Spain during the week of January 11, 1971, pursuant to Rule 15 of the Federal Rules of Criminal Procedure, and in support thereof defendant's attorney has submitted an affidavit sworn to on December 31, 1970. The trial date has been fixed for January 25, 1971.

1. The Court accepts the application as having been made with the same force and effect as if a formal set of motion papers had been submitted. United States v. Soblen, 203 F.Supp. 542, 568 (S.D.N.Y.1961) aff'd. 301 F.2d 236 (2d Cir.), cert. denied, 370 U.S. 944, 82 S.Ct. 1585, 8 L.Ed.2d 810 (1962).

The defendant is the subject of a two-count indictment alleging that he committed perjury during the course of an examination conducted in connection with proceedings under Chapter XI of the Bankruptcy Act involving Samuel Bronston Productions, Inc., a corporation of which he was the sole stockholder. The first count involves testimony relating to the existence of Swiss bank accounts not relevant hereto; the second count involves questions as to the defendant's "interest" in a film entitled "Sinfonia Espanola".

With respect to the second count, it revolves around the question of whether the defendant, or companies in which he had an interest, had "an interest in" the aforementioned film. As to this count, defendant's attorney asserts a key issue will be what the defendant understood the question to mean and his belief that his answers were truthful.

Defendant proposes to show what his dealings with the Spanish Government had been regarding this and other films, the practices of the Spanish Government with respect to transfers of films from the defendant, the nature of defendant's rights or interests under Spanish law or Spanish practice, and the nature of the defendant's understanding of what had been done and of his rights under Spanish law.

Certain of the necessary evidence must come from the testimony of officials in Spanish ministries and agencies who are foreign nationals residing outside of the United States and who cannot be subpoenaed for trial. Some, if not all, of the witnesses whom defendant wishes to depose have stated that they would not come to New York but would agree to a deposition in Madrid, Spain. Two of the witnesses whom defendant seeks to depose are in a Spanish agency and, it is alleged, will give testimony which will establish the practice of defendant's companies in producing documentary films of interest or use to the Spanish Government and giving these films to the Spanish Government. The testimony, it is claimed, will help to establish the background of practice against which the film "Sinfonia Espanola" was made and against which background the defendant formed his beliefs in connection with the questions and answers which are the subject of the second count.

Five of the other persons whom defendant desires to depose and who are former Government officials in the Spanish Government can, it is asserted, give testimony about the circumstances under which "Sinfonia Espanola" was made and distributed, and the eighth individual is a character witness who is willing to be deposed in Spain but who is not prepared to come to New York for trial.

Under Rule 15(a) of the Rules of Criminal Procedure, the Court at any time after the filing of an indictment or information may upon motion of a defendant and notice to the parties order that the testimony of a prospective witness be taken by deposition if "it appears that [the] prospective witness may be unable to attend or prevented from attending a trial or hearing, that his testimony is material and that it is necessary to take his deposition in order to prevent a failure of justice, * * *"

Such an order is only granted under exceptional circumstances and, as stated in the Rule, "to prevent a failure of justice."[2] Furthermore, the burden of proof is on the defendant to show that the witness is unavailable, that the deposition is necessary to prevent a failure of justice and that the testimony is

**2.** United States v. Whiting, 308 F.2d 537, 541 (2d Cir. 1962), cert. denied, 372 U.S. 919, 83 S.Ct. 722, 9 L.Ed.2d 718 (1965); United States v. Rosenstein, 303 F.Supp. 210, 212 (S.D.N.Y.1969); United States v. Birrell, 276 F.Supp. 798, 822 (S.D. N.Y.1967); United States v. Hagedorn, 253 F.Supp. 969, 972 (S.D.N.Y.1966).

material to his defense.[3] In addition, the defendant must show that it is practicable to obtain the testimony and that the proposed witness is, although unavailable for trial, willing to testify by deposition.[4]

 On the basis of the authorities cited by defendant,[5] the Court believes that, within the context of the Rule, the testimony sought to be elicited is material to the defense. It is not necessary that defendant show the testimony will surely acquit him.[6] Defendant's attorney has contacted most, if not all, of the witnesses in Spain—having personally gone there in November 1970—and has represented that most, if not all, are prepared and, where necessary, have received official permission to testify by deposition but are unwilling to come to this country to testify at trial. While the mere fact that a necessary witness is a foreign national domiciled abroad and beyond the subpoena power of the court does not mandate an order pursuant to Rule 15,[7] it is an impelling consideration.[8]

██ As already noted, certain of those to be deposed are presently officials of the Spanish Government or formerly occupied such positions, so that it is reasonable to accept the representation that they are unwilling to come to this country to testify. However, there are certain witnesses whom the Court has good reason to believe are unwilling to come to New York unless their expenses are paid. The Court feels it appropriate to observe that the unwillingness of a witness to come to this country unless his expenses are paid does not necessarily mean that he is "unable to attend or prevented from attending" the trial. This observation is pertinent in view of the issue which has been raised herein with respect to the payment of the travel and other expenses incidental to the depositions.

 Although the Court has been referred to no case, and has discovered none, in which the Government's expenses in connection with taking a deposition by defendant in a foreign country were charged to that defendant, it would seem only fair and reasonable that this be done in the instant case. It seems clear that the taking of a deposition under Rule 15(a), especially as in the instant case, on the eve of the trial *and the setting of conditions for it* are clearly within the trial court's discretion.[9] If the Court has the power to deny the motion completely (and as hereinbefore suggested the unavailability of some of the witnesses is questionable), it would appear to have the power to impose financial conditions upon defendant in granting the motion so long as defendant has the ability to meet these conditions (and there is no evidence herein of such inability). Defendant's counsel significantly does not allege that defendant is incapable of paying the travel ex-

---

3. Unavailable—United States v. Rosenstein, *supra* 303 F.Supp. at 212; United States v. Soblen, *supra* 263 F.Supp. at 569; material and necessary to prevent a failure of justice—United States v. Steel, 359 F.2d 381, 382 (2d Cir. 1966); United States v. Whiting, *supra* 308 F.2d at 541; United States v. Broker, 246 F.2d 328, 329 (2d Cir.), cert. denied, 355 U.S. 837, 78 S.Ct. 63, 2 L.Ed.2d 49 (1957); United States v. Glessing, 11 F.R.D. 501, 502 (D.Minn.1951); United States v. Ausmeier, 5 F.R.D. 395, 396 (E.D.N.Y.1946).

4. United States v. Whiting, *supra* 308 F.2d at 541; United States v. Figueroa, 298 F.Supp. 1215, 1216 (S.D.N.Y.1969).

5. United States v. Wall, 371 F.2d 398 (6th Cir. 1967); United States v. Cobert, 227 F.Supp. 915 (S.D.Cal.1964); United States v. Lattimore, 127 F.Supp. 405 (D.D.C.1955), aff'd, 232 F.2d 334 (1955).

6. United States v. Hagedorn, *supra* 253 F.Supp. at 971.

7. United States v. Birrell, 276 F.Supp. *supra* at 822.

8. Cf. United States v. Egorov, 34 F.R.D. 130 (E.D.N.Y.1963).

9. United States v. Hayutin, 398 F.2d 944, 954 (2d Cir.), cert. denied, 393 U.S. 961, 89 S.Ct. 400, 21 L.Ed.2d 374 (1968). *But see* Madison-Lewis Inc. v. MacMahon, 299 F.2d 256 (2d Cir. 1962).

penses of the witnesses but only that "[u]nlike the Government, the defendant does not have unlimited funds to pay for witnesses' travel expenses." [10]

Furthermore, no persuasive reason has been given why diligent counsel could not have arranged for the taking of the depositions in December 1970 when government counsel was in Madrid himself interviewing witnesses.

Defense counsel knew early in October that he would have to take certain depositions abroad, and was informed on November 25, 1970 that government counsel would be in Madrid during the week of December 14, 1970. I am not impressed with defense counsel's argument that the government counsel should have planned his trip to Spain to suit the convenience of defense counsel and no adequate explanation has been given why defense counsel could not have ascertained the identity of the witnesses in time to permit deposing them in Madrid in December when the government counsel was also there.

The Government's position is that the defendant's motion is dilatory and, if granted, the defendant be required to pay the travel expenses of the government counsel plus per diem rate of $17.-00 per day for the period of time spent in Spain.

In light of the foregoing, the Court also feels that the Government's position is well taken, and the motion pursuant to Rule 15(a) is granted on the following conditions:

(a) That the depositions be commenced during the week of January 11, 1971 and concluded in sufficient time to permit the commencement of the trial on January 25, 1971; and

(b) That the defendant be required to pay the travel expenses of the government attorney plus per diem rate of $17.00 per day for the period of time spent in Spain.

Defendant's attorney is directed to submit an order in conformity with Rule 28(b) of the Federal Rules of Civil Procedure without delay and on three (3) hours' notice to the Government.

---

10. Affidavit of Sheldon H. Elsen, Esq., verified December 7, 1970, ¶ 7.