PEOPLE v. HOWARD HAYES

1. CRIMINAL LAW—WITNESSES—NONRESIDENT WITNESSES—EXAMI-
NATION—DISCRETION.

A motion in a criminal proceeding for the appointment of a
commission to examine material witnesses who are residing out-
of-state is addressed to the discretion of the trial court (MCLA
§§ 767.7, 767.8).

2. CRIMINAL LAW—WITNESSES—NONRESIDENT WITNESSES—EXAMI-
NATION.

Denial of defendant's motion for a commission to examine non-
resident witnesses was not an abuse of discretion where the
motion was made only four weeks before trial and over three
months after the case had been set for trial and there was
nothing in the record to excuse the delay, and where there
was no showing that the nonresident witnesses could not
be present at trial (MCLA §§ 767.7, 767.8).

3. CRIMINAL LAW—WITNESSES—NONRESIDENT WITNESSES—EXAMI-
NATION—AVAILABILITY.

A mere assertion that an out-of-state material witness cannot
be present at trial is insufficient to warrant the granting of a
defendant's motion to have a commission appointed to examine
that witness, absent any factual elaboration showing that the
witness cannot be present (MCLA §§ 767.7, 767.8).

Appeal from Washtenaw, William F. Ager, Jr., J.
Submitted Division 2 October 7, 1971, at Lansing.
(Docket No. 10862.)   Decided October 27, 1971.

Howard Hayes, charged with resisting arrest,
moved for appointment of a commission to examine

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 58 Am Jur, Witnesses § 12.
21 Am Jur 2d, Criminal Law §§ 340, 345.

two out-of-state witnesses. Motion denied. Defendant appeals by leave granted. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *Karl V. Fink* and *Arthur E. Lux,* Assistant Prosecuting Attorneys, for the people.

*Pauline R. Rothmeyer,* for defendant.

Before: QUINN, P. J., and DANHOF and TARGONSKI,* JJ.

PER CURIAM. The defendant is charged with resisting arrest. MCLA § 750.479 (Stat Ann 1954 Rev § 28.747). Pursuant to MCLA §§ 767.77, 767.78 (Stat Ann 1954 Rev §§ 28.1017, 28.1018), the defendant moved for appointment of a commission to examine two witnesses who presently reside in California. The motion was denied and the defendant has appealed on leave granted. We affirm.

The statutes we must construe provide:

"Sec. 77. When an issue of fact shall be joined upon any indictment, the court in which the same is pending may, on application of the defendant, grant a commission to examine any material witnesses residing out of this state, in the same manner as in civil cases."

"Sec. 78. Interrogatories to be annexed to such commission shall be settled and such commission shall be issued, executed and returned in the manner prescribed by law in respect to commissions in civil cases, and the deposition taken thereon and returned shall be read in the same cases, and with like effect in all respects, as in civil suits."

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

We have found no Michigan cases that are in point. However, there are a number of Federal cases which construe a similar provision found in Rule 15 of the Federal Rules of Criminal Procedure.

A motion of this type is addressed to the discretion of the court. *United States* v. *Whiting* (CA2, 1962), 308 F2d 537, *cert den* (1963), 372 US 919 (83 S Ct 734, 9 L Ed 2d 725). *United States* v. *Hayutin* (CA2 1968), 398 F2d 944, *cert den* (1968), 393 US 961 (89 S Ct 400, 21 L Ed 2d 374). In *Whiting, supra,* at p 541, Judge, now Mr. Justice, Marshall stated:

"the moving party has the burden of demonstrating the availability of the proposed witnesses and their willingness to appear, *United States* v. *Ausmeier* (ED NY, 1946), 5 FRD 395, the materiality of the testimony which it is expected they will give, *United States* v. *Glessing, supra,* [(Minn, 1951), 11 FRD 501] and that injustice will result if the motion is denied, *United States* v. *Grado* (WD Mo, 1957), 154 F Supp 878. It is within the discretion of the trial court to deny the motion if it is made after 'unexcused delay,' *Heflin* v. *United States, supra,* [(CA 5, 1955), 223 F2d 371], or on the 'eve of trial.' *United States* v. *Broker* (CA 2, 1957), 246 F 2d 328, *cert den* (1957), 355 US 837 (78 S Ct 63, 2 L Ed 2d 49)."

In this case the motion was not timely. After several pretrial motions had been disposed of, on June 18, 1970 the case was set for trial. The trial date was October 26, 1970 with an alternate date of September 14, 1970. The defendant's motion for a commission was not filed until September 25, 1970. There is nothing in the record that would excuse the delay.

It has been held that a mere assertion that a witness cannot be present is insufficient, absent any

factual elaboration showing that the witness cannot be present. *United States* v. *Rosenstein* (SD NY, 1969), 303 F Supp 210. In the case at bar the defendant has made no showing that the witnesses cannot be present at the trial.

On the basis of the record in this case we cannot say that the trial court abused its discretion.

Affirmed.