UNITED STATES of America,
Appellee,

v.

Herbert Johannes STEEL, Appellant.

No. 310, Docket 30110.

United States Court of Appeals
Second Circuit.

Argued April 4, 1966.

Decided April 27, 1966.

Michael F. Armstrong, Asst. U. S. Atty., New York City (Robert M. Morgenthau, U. S. Atty. for Southern District of New York, Stephen L. Hammerman, Daniel R. Murdock and John E. Sprizzo, Asst. U. S. Attys., New York City, on the brief), for appellee.

Allen S. Stim, New York City (Menahem Stim and Albert Felix, Stim, Felix & Stim, New York City, on the brief), for appellant.

Before LUMBARD, Chief Judge, HAYS, Circuit Judge, and CLARIE, District Judge.*

PER CURIAM:

On June 30, 1965, after a trial before Judge Weinfeld and a jury, Herbert Johannes Steel was found guilty on one count of conspiracy in violation of 18 U.S.C. § 371, six counts of illegally selling the unregistered common stock of Alaska International Corporation in violation of 15 U.S.C. §§ 77e(a) (1), (2) and 77x and seven counts of illegally making false statements to the SEC in violation of 18 U.S.C. § 1001. There was abundant evidence that Steel had tried to avoid the disclosure and registration provisions of the Securities Act, 15 U.S.C. § 77a, et seq., by selling this stock to the public through the use of dummy accounts set up in the names of fictitious persons and nominees. The government's

* Of the District of Connecticut, sitting by designation.

proof established the blatant nature of this fraud and showed that Steel gave false information to the SEC because disclosure of the true nature of his activities would never have stood the light of day. Steel was sentenced to a term of one year in prison on each count, the sentences to run concurrently. On this appeal from his conviction Steel raises three allegations of error which we find to be without merit and we therefore affirm the judgment of the court below.

■ Steel alleges that the district court committed error when it denied his pre-trial motion made pursuant to Rule 41(e), Federal Rules of Criminal Procedure, to suppress certain documents belonging to him which he claimed were illegally obtained by the SEC from co-defendant Alice Jayson. There is nothing in the record to support the claim that some of Steel's personal records were in fact turned over to the SEC. Secondly, whatever Jayson turned over to the SEC appears to have been done upon the advice of counsel and with her full consent. Thirdly, there is no evidence of any impropriety in the manner in which the government obtained whatever information it did. The district court quite properly denied the motion to suppress.

■ Steel also alleges that the trial court erred in refusing both a pre-trial motion, made pursuant to Rule 15(a) of the Federal Rules of Criminal Procedure, to take depositions of certain Bolivian nationals, and an offer of proof during the trial. There was no showing that this testimony might have been relevant. Indeed the appellant's assertions about it were "fantastic," as the trial judge said.

■ Lastly, Steel alleges that he was improperly prejudiced by the introduction in evidence of certain post-conspiratorial admissions of co-defendant Jayson. Steel based his objections at trial only on the form of certain questions used and the evidentiary value of certain of the answers. He also alleged that the statements were given only in response to a promise of immunity given Jayson by the SEC. The trial court held a hear-ing and determined that the statements were admissible in evidence. However, Steel never raised the objection of prejudice he now presses on appeal. Thus, as we said in United States v. Indiviglio, 352 F.2d 276, 277 (2 Cir. 1965), cert. denied, 86 S.Ct. 887, February 22, 1966, " * * * the failure to make proper objection before the trial court to the admission of the challenged evidence forecloses review of the asserted error."

Affirmed.