**UNITED STATES of America,**
**Appellee,**

v.

**David VARGAS, Radames Velez, Ivan Lugo, Angel Mojica, Edward Hernandez, also known as Joey, Hector Mujico, Gabriel Huezo, also known as G and Mauro Ferrufino, Defendants,**

**Norberto Martinez and George Martinez, Defendants–Appellants.**

**Nos. 06–2788–cr(L), 06–3257–cr(CON).**

United States Court of Appeals, Second Circuit.

May 27, 2008.

Thomas Theophilos, Buffalo, NY, for Defendant–Appellant.

Sean Haran, Assistant United States Attorney (David C. James, Assistant United States Attorney, of counsel; Roslynn R. Mauskopf, United States Attorney, on the brief), United States Attorney's Office for the Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROSEMARY S. POOLER and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Defendant–Appellant Norberto Martinez[1] appeals from the judgment of conviction of the United States District Court for the Eastern District of New York (Nicholas G. Garaufis, *Judge*), entered on June 12, 2006, sentencing him after trial principally to life imprisonment for (1) conspiring to distribute and possess with intent to distribute one kilogram or more of a substance containing heroin, in violation of 21 U.S.C. §§ 841(a)(1), 846; (2) conspiring to import into the United States one kilogram or more of a substance containing heroin, in violation of 21 U.S.C. §§ 963, 960(a)(1), and (b)(1)(A); (3) attempting to distribute and possessing with intent to distribute one kilogram or more of a substance containing heroin in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(i), and 18 U.S.C. §§ 1 and 3551 *et seq.*; (4) attempting to import into the United States one kilogram or more of a substance containing heroin in violation of 21 U.S.C. § 952(a); (5) attempting to distribute and possess with intent to distribute one kilogram or more of a substance containing heroin in violation of 21 U.S.C. § 841(a)(1); (6) attempting to import into the United States one kilogram or more of a substance containing heroin in violation of 21 U.S.C. § 952(a); and (7) distributing and possessing with intent to distribute one kilogram or more of a substance containing heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(i), and 18 U.S.C. §§ 2 and 3551 *et seq.*; and 84 months' imprisonment, to run consecutively, for one count of using, carrying, and brandishing a firearm during a drug-trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), 2, and 3551 *et seq.* We assume the parties' familiarity with the balance of the facts, procedural history, and issues on appeal.[2]

### A. Challenges to Rule 404(b) Evidence

Martinez argues that the District Court erred in admitting testimony regarding: (1) his 1995 conviction for conspiracy to distribute heroin; (2) his false statements to his probation officer; and (3) his assault on an individual named "Weezie." We review a district court's admission of evidence of prior crimes and other uncharged bad acts, pursuant to Rule 404(b) of the Federal Rules of Evidence, for abuse of discretion. *See United States v. Lombardozzi*, 491 F.3d 61, 78–79 (2d Cir. 2007). A district court abuses its discretion "only if the judge acted in an arbitrary and irrational manner." *Id.* at 79. Further, this Court has adopted an "inclusionary approach" and "allows evidence for any purpose other than to show a defendant's criminal propensity." *Id.* at 78 (internal quotation marks omitted).

First, the District Court allowed evidence of Martinez's prior heroin conviction

---

1. George Martinez's appeal, docketed under 06–3527–cr, has been withdrawn.

2. The briefs and appendix in this case were filed under seal. Insofar as we discuss information derived from sealed documents, those documents are unsealed to the limited extent referenced in this order, although the full documents shall remain physically withheld from public review. *See United States v. Verk-*

*hoglyad*, 516 F.3d 122, 124 n. 2 (2d Cir.2008). Because we find that our usual presumption in favor of public dispositions has not been overcome in this case, we decline to file this order under seal; however to maintain confidentiality, certain details, unessential to the ultimate disposition, have been omitted from this order. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir.2006).

and incarceration for the purpose of rebutting defense claims that James Solorzano, a government witness against Martinez, was the true leader of the conspiracy, and that Martinez played only a minor role. In her opening statement, Martinez's trial counsel indicated that the defense would attempt to establish that the evidence showed that the conspiracy was a "Solorzano organization." Counsel also attempted to link Solorzano to co-conspirators in Colombia and the 1995 conspiracy, asking numerous questions about his contacts there and the earlier heroin ring. There was a sufficient basis for the jury to find by a preponderance of the evidence that the 404(b) evidence established Martinez's participation in the earlier conspiracy, and that he began organizing the instant conspiracy while incarcerated. *See Huddleston v. United States,* 485 U.S. 681, 691, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988). Therefore, the evidence rebutted Martinez's trial defense, and the District Court did not abuse its discretion in admitting it. *See United States v. Carboni,* 204 F.3d 39, 44 (2d Cir.2000) (finding no abuse of discretion when 404(b) evidence rebutted a defense claim).

▆▆▆ Second, the District Court properly allowed evidence regarding Martinez's false statements to his probation officer for the purpose of establishing the disputed issue of his consciousness of guilt. *See United States v. Perez,* 387 F.3d 201, 209 (2d Cir.2004) ("We have upheld the admission of various kinds of evidence on the ground that it demonstrated consciousness of guilt."). Third, the District Court also properly allowed the evidence about an unrelated assault on redirect of Solorzano to explain Solorzano's request that the Government pay for his girlfriend's relocation. Martinez's counsel had suggested that the payment was made in order to keep Solorzano's girlfriend and Martinez

from continuing an affair. *See United States v. Matthews,* 20 F.3d 538, 550–51 (2d Cir.1994) (stating that the district court properly allowed testimony of an uncharged assault on re-direct examination when the defense questioned the witness's motive for testifying).

In addition, for each of these decisions, the District Court did not exceed its allowable discretion in finding that the probative value of the prior act evidence was not substantially outweighed by its prejudicial effect. *See Huddleston,* 485 U.S. at 691, 108 S.Ct. 1496. "Only rarely—and in extraordinarily compelling circumstances— will we, from the vista of a cold appellate record, reverse a district court's on-the-spot judgment concerning the relative weighing of probative value and unfair effect." *United States v. Awadallah,* 436 F.3d 125, 134 (2d Cir.2006) (internal quotation marks omitted). "[S]o long as the district court has conscientiously balanced the proffered evidence's probative value with the risk for prejudice, its conclusion will be disturbed only if it is arbitrary or irrational." *Id.* at 131. Here, we find no need to disturb the District Court's judgment. Martinez's main argument, that the other acts evidence was duplicative and unnecessary, is not sufficient to demonstrate prejudice. *See id.* at 132 (noting that in determining whether probative value of evidence was substantially outweighed by danger of unfair prejudice, a district court may consider the availability of alternative means to present similar evidence, however availability of alternative testimony does not alone provide a basis for excluding evidence); *cf. United States v. Stewart,* 433 F.3d 273, 313 (2d Cir.2006).

## B. Challenges Regarding Exclusion of Martinez's Evidence

▆▆▆ Martinez argues that the District Court erred in denying his motion under

Rule 15 of the Federal Rules of Criminal Procedure to allow him to introduce statements or testimony of two witnesses in Venezuela, who Martinez claims would have offered testimony refuting the Government's evidence regarding the structure of the conspiracy. We review the denial of such motions for abuse of discretion. *See United States v. Whiting,* 308 F.2d 537, 541 (2d Cir.1962); *United States v. Broker,* 246 F.2d 328, 329 (2d Cir.1957). Martinez's motion came a year after discovery commenced and approximately three weeks before the scheduled start of the trial. In addition, the materiality of the testimony sought was remote, because the fact that two low-level couriers did not know who Martinez or his alleged supplier was did not contradict any of the government's evidence. For both these reasons, the District Court did not exceed its allowable discretion in denying the motion. *See United States v. Campbell,* 300 F.3d 202, 215 (2d Cir.2002) (finding that denial of further deposition was not an abuse of discretion in part because the defendant "did not show that the testimony of his proposed deponents was material"); *United States v. Steel,* 359 F.2d 381, 382 (1966) (finding that, in absence of showing of relevancy, defendant was properly refused permission to take depositions of Bolivian nationals); *Whiting,* 308 F.2d at 541 (holding that it was not an abuse of discretion to deny a Rule 15 motion made after considerable delay and on the "eve of trial" (internal quotation marks omitted)).

■ Martinez also argues that the District Court erred in not allowing him to question an agent about statements given by the two Venezuelan witnesses. Rule 801(d)(2)(E) of the Federal Rules of Evidence excludes from the hearsay rule statements made by a co-conspirator "in furtherance of the conspiracy." *See also United States v. Diaz,* 176 F.3d 52, 83 (2d Cir.1999). Because the statements of the witnesses were made to law enforcement agents, they were not "in furtherance of the conspiracy" and, thus, were inadmissible hearsay. *See Fiswick v. United States,* 329 U.S. 211, 217, 67 S.Ct. 224, 91 L.Ed. 196 (1946) (stating that a "confession or admission by one coconspirator after he has been apprehended is not in any sense a furtherance of the criminal enterprise"); *United States v. Lang,* 589 F.2d 92, 100 (2d Cir.1978) (holding that statements made to an undercover officer were not in furtherance of the conspiracy, and thus inadmissible).[3]

■ Martinez also argues that the District Court erred in refusing to admit a tape of a secretly recorded conversation between a prisoner and a defense investigator, which Martinez claims implicated Solorzano as the leader of the conspiracy. The District Court properly held that the tape was inadmissible hearsay for the purpose sought. Only the portions of the interview in which the prisoner implicated *himself* were admissible as statements against his interest. *See Williamson v. United States,* 512 U.S. 594, 604, 114 S.Ct. 2431, 129 L.Ed.2d 476 (1994) (holding that statements implicating a third party were inadmissible, even when other parts of the statement were self-inculpatory); *United States v. Jackson,* 335 F.3d 170, 178–79 (2d Cir.2003). Further, because the statement was made in jail to an investigator working on behalf of Martinez, the prisoner had reason to exculpate Martinez in order to

---

**3.** Even if preserved, Martinez's contention that the statements were verbal acts is also unavailing. The "verbal act doctrine applies only when the utterance is an operative fact which gives rise to legal consequences," which Martinez does not argue is the case here. *United States v. DiMaria,* 727 F.2d 265, 270 n. 4 (2d Cir.1984) (internal quotation marks omitted); *see also* Fed.R.Evid. 801(c) Advisory Committee's Note.

avoid retribution. Thus, the statement was not sufficiently trustworthy to fall into the catch-all hearsay exception. *See* Fed. R.Evid. 807; *United States v. Morgan,* 385 F.3d 196, 208 (2d Cir.2004) (stating that statements must be "particularly trustworthy" to fall into the Rule 807 exception).

 Martinez also argues that the District Court erred in denying his motion to compel the testimony of a third party regarding statements made to him by the third party's cellmate indicating that Solorzano had told the cellmate that Solorzano intended to falsely implicate Martinez at trial, to show the cellmate's state of mind. The District Court did not. err in denying the motion. The cellmate's state of mind was not a material fact at issue, and the statements could only be used for the inadmissible purpose of demonstrating that Solorzano was committing perjury. *See United States v. Harwood,* 998 F.2d 91, 98 (2d Cir.1993) (stating that third-party statements were inadmissible when they "were not offered to prove [the declarant's] state of mind, but were intended to be used by the jury to support an inference about conduct that had occurred . . . earlier").

## C. Challenges Regarding the Indictment

Martinez argues that counts eight and nine in the indictment were multiplicitous because they both charged him with firearms violations. The record reflects that the District Court vacated Martinez's conviction for count nine, and sentenced him only for count eight. Therefore, the District Court accorded him the proper relief, and his claim is moot. *See United States v. Ansaldi,* 372 F.3d 118, 125 (2d Cir.2004) ("Ordinarily, when a defendant is convicted of multiplicitous counts, the district court should vacate one of the convictions.").

## D. Challenges Regarding the Prosecution's Closing

 Martinez argues that some of the prosecutor's statements amounted to improper bolstering of the Government's case and its witnesses' credibility. As Martinez did not object to the prosecutor's closing statement, he must show "that the statements [in the summation] were so substantially prejudicial as to constitute 'flagrant abuse.'" *See United States v. Russo,* 302 F.3d 37, 47 (2d Cir.2002) (quoting *United States v. Germosen,* 139 F.3d 120, 128 (2d Cir.1998)). The summation statements fell far below the standard of flagrant abuse. Some of the statements were perfectly acceptable statements of argument, statements commenting on the evidence and urging the jury to compare certain portions of the evidence, statements summarizing the evidence and refuting defense counsel's arguments, and arguments urging the jurors to consider the evidence. *See United States v. Eltayib,* 88 F.3d 157, 173 (2d Cir.1996); *United States v. Jaswal,* 47 F.3d 539, 544 (2d Cir.1995). Other statements that Martinez objects to were not statements that speculated about how witnesses might have testified at trial, instead they were hypothetical questions which sought to probe the credibility of Martinez's defense. In addition, the prosecutor was entitled to respond to defense counsel's attack on the government's witnesses' credibility. Finally, the remaining statements did not amount to improper vouching, nor did they amount to flagrant abuse. "A prosecutor is not precluded from vigorous advocacy, or the use of colorful adjectives, in summation." *Jaswal,* 47 F.3d at 544 (internal quotation marks and alteration omitted); *see also Eltayib,* 88 F.3d at 173.

## E. Martinez's *Pro Se* Arguments

Finally, Martinez argues, *pro se,* that 21 U.S.C. § 841(b)(1)(A)(i) is unconstitutional

"because it allows the judge to enhance his sentence based on facts not found by a jury, but found by the court" and that U.S.S.G. § 3B1.1 is unconstitutional as applied to him because the District Court enhanced his sentence based on his leadership role in the conspiracy after finding that he had such a role based on a preponderance of the evidence. As Martinez did not raise his claims below, they are reviewed for plain error. *See United States v. Verkhoglyad,* 516 F.3d 122, 128 (2d Cir. 2008).

We have specifically rejected Martinez's argument that *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), renders 21 U.S.C. § 841 unconstitutional. *See United States v. Outen,* 286 F.3d 622, 634 (2d Cir.2002). Further, the District Court considered the Guidelines advisory and reviewed the § 3553(a) factors in passing sentence. Thus, any claim that Martinez was sentenced in violation of *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) is without merit. In addition, we have held that "[j]udicial authority to find facts relevant to sentencing by a preponderance of the evidence survives *Booker.*" *See United States v. Brown,* 514 F.3d 256, 269 (2d Cir.2008) (internal quotation marks omitted); *see also United States v. Cuevas,* 496 F.3d 256, 266–67 (2d Cir.2007) (upholding a sentencing enhancement where the district court found that appellant had a leadership role in the conspiracy). Thus, the sentencing enhancement was proper, and Martinez's sentence was not plain error. *Verkhoglyad,* 516 F.3d at 128. We have considered all of Martinez's arguments and find them to be without merit.

For these reasons, we AFFIRM the judgment of the District Court.